| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: <br> NORTHERN DISTRICT OF TEXAS | |
| Case number *(if known)* _____  Chapter **11** | ☐ Check if this an amended filing |

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | | |
|---|---|---|---|
| 1. | **Debtor's name** | **Stoli Group (USA), LLC** | |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **99-0385602** | |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **135 East 57th Street** <br> **9th Floor** <br> **New York, NY 10022** <br> Number, Street, City, State & ZIP Code <br><br> **New York** <br> County | **Mailing address, if different from principal place of business** <br><br><br><br><br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br> **Nationally distributed** <br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | **www.stoli.com** | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ | |

Debtor **Stoli Group (USA), LLC**　　　　　　　　　　　　　　　　　　　　Case number (*if known*) _____
　　　　Name

| | | |
|---|---|---|
| **7.** | **Describe debtor's business** | A. *Check one:*<br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>■ None of the above<br><br>B. *Check all that apply*<br>☐ Tax-exempt entity (as described in 26 U.S.C. §501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.<br>　__4248__ |
| **8.** | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:*<br>☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11. *Check **all** that apply*:<br>　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).<br>　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br>　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.<br>　☐ A plan is being filed with this petition.<br>　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br>　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br>　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br>☐ Chapter 12 |
| **9.** | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br>If more than 2 cases, attach a separate list. | ■ No.<br>☐ Yes.<br><br>District _____ When _____ Case number _____<br>District _____ When _____ Case number _____ |
| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No<br>■ Yes. |

Debtor **Stoli Group (USA), LLC**
Name

Case number *(if known)*

List all cases. If more than 1, attach a separate list

| | | | |
|---|---|---|---|
| Debtor | **Kentucky Owl, LLC** | Relationship | **Affiliated Company** |
| District | **Northern District of Texas, Dallas Division** When **11/27/24** | Case number, if known | |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name _____
        Phone _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49                ☐ 1,000-5,000         ☐ 25,001-50,000
☐ 50-99               ☐ 5001-10,000         ☐ 50,001-100,000
☐ 100-199             ☐ 10,001-25,000       ☐ More than 100,000
■ 200-999

**15. Estimated Assets**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ■ $100,000,001 - $500 million     ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ■ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

| Debtor | **Stoli Group (USA), LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **November 27, 2024**
MM / DD / YYYY

**X /s/ Chris Caldwell**
Signature of authorized representative of debtor

**Chris Caldwell**
Printed name

Title  **President and Global Chief Executive Officer**

**18. Signature of attorney**

**X /s/ Holland N. O'Neil**
Signature of attorney for debtor

Date  **November 27, 2024**
MM / DD / YYYY

**Holland N. O'Neil 14864700**
Printed name

**Foley & Lardner LLP**
Firm name

**2021 McKinney Avenue
Suite 1600
Dallas, TX 75201**
Number, Street, City, State & ZIP Code

Contact phone  **214-999-3000**    Email address  **honeil@foley.com**

**14864700 TX**
Bar number and State

**Fill in this information to identify the case:**

Debtor name __Stoli Group (USA), LLC, et al.__

United States Bankruptcy Court for the: __Northern__ District of __Texas__ (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Motive Marketing Group, Inc.<br>PO Box 11453<br>Bainbridge Island, WA 98110 | P: 206-855-7900 | Trade debts | | | | $884,859.72 |
| 2 | Colangelo & Partners Public Relations<br>55 West 39th St. FL5<br>New York, NY 10018 | P: 347-992-9196 | Trade debts | | | | $797,492.33 |
| 3 | Republic National Distributing Company<br>44 Chenell Drive<br>Concord, NH 03301 | P: 603-225-9700<br>F: 603-225-9700 | Trade debts | | | | $770,948.00 |
| 4 | Social Chain Germany GmbH<br>Zehdenicker Str. 21<br>Berlin, 10119<br>Germany | | Trade debts | | | | $737,334.70 |
| 5 | Achaval Ferrer S.A.<br>Calle Cobos, Pedriel 2601<br>Mendoza, 7 5509<br>Argentina | | Trade debts | | | | $649,854.00 |
| 6 | Los Angeles Dodgers LLC<br>1000 Vin Scully Avenue<br>Los Angeles, CA 90012 | P: 323-224-1360 | Trade debts | | | | $539,583.34 |
| 7 | The Belt's Corporation<br>1820 Portal Street<br>Baltimore, MD 21224-6512 | P: 410-342-1111 | Trade debts | | | | $506,624.69 |
| 8 | RNDC - MI<br>13000 Eckles Road<br>Livonia, MI 48150 | P: 734-324-3000 | Trade debts | | | | $450,745.14 |

Debtor Name  **Stoli Group USA, LLC, et al.**          Case Number _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Inmar Brand Solutions Inc<br>635 Vine St<br>Winston Salem, NC 27101 | P: 513-334-4364 | Professional Services | | | | $382,005.45 |
| 10 | CB Neptune Holdings LLC<br>545 Washington Blvd 8th floor<br>Jersey City, NJ 7310 | P: 203-563-6424 | Trade debts | | | | $373,781.52 |
| 11 | Arrowhead Promotion & Fulfillment C<br>1105 S.E. 8th Street<br>Grand Rapids, MN 55744 | P: 218-327-1165 | Trade debts | | | | $362,850.16 |
| 12 | John S. Connor, Inc.<br>799 Cromwell Park Drive, Suite A<br>Baltimore, MD 21279-1384 | P: 410-863-0211 | Trade debts | | | | $337,617.36 |
| 13 | Florida Panthers Hockey Club, Ltd.<br>1 Panther Parkway<br>Sunrise, FL 33323 | | Trade debts | | | | $323,044.00 |
| 14 | New Orleans Louisiana Saints<br>Airline Dr 5800<br>Metairie, LA 70003 | P: 504-593-4853 | Trade debts | | | | $275,625.00 |
| 15 | Amber Beverage Group SIA<br>Raņķa dambis 30-120<br>Riga, 1048 | | Trade debts | | | | $247,874.94 |
| 16 | Breakthru Beverage Pennsylvania<br>129 Hartman Road<br>North Wales, PA 19454 | P: 267-960-0900 | Trade debts | | | | $215,443.71 |
| 17 | 135 East 57th Street, LLC<br>PO Box 780654<br>Philadelphia, PA 19178-0654 | | Trade debts | | | | $204,039.79 |
| 18 | Centiv Services (Brandmuscle)<br>233 South Wacker Drive<br>Suite 4400<br>Chicago, IL 60606 | P: 312-235-5700 | Trade debts | | | | $172,840.43 |
| 19 | CR3 Partners, LLC<br>13355 Noel Road, Ste 2005<br>Dallas, TX 75240 | P: 800 728-7176 | Professional Services | | | | $168,657.31 |
| 20 | Fold 7 LTD<br>16-18 Kirby Street<br>London, EC1N 8TS<br>United Kingdom | P: 020 7251 0101 | Trade debts | | | | $154,747.01 |

Official Form 204   **Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims**   page 2

Debtor Name **Stoli Group USA, LLC, et al.**     Case Number _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | **MarkeTeam, Inc.** 26012 Pala Mission Viejo, CA 92691 | | Trade debts | | | | $153,103.37 |
| 22 | **Tenute Del Mondo B.V.** Kingsfordweg 15 Amsterdam 1043 GR Netherlands | | Trade debts | | | | $137,114.71 |
| 23 | **Vermont Information Processing, Inc** 402 Watertower Circle Colchester, VT 5446 | P: 802-655-9400 | Trade debts | | | | $135,768.39 |
| 24 | **National Alcohol Beverage Control A** 2900 S. Quincy Street, Suite 800 Arlington, VA 22206-2233 | P: 703-824-3365 | Trade debts | | | | $134,351.28 |
| 25 | **The Pathfinder Spirit, Inc** 2420 4th Ave S. Seattle, WA 98134 | P: 206-604-1899 | Trade debts | | | | $131,445.00 |
| 26 | **BDO USA, LLP** 5300 Patterson Avenue SE, Ste. 100 Grand Rapids, MI 49512 | P: 616-575-8915 | Trade debts | | | | $131,042.00 |
| 27 | **Scan Solution Incorporated JMD** 3183 S 25 W Trafalgar, FL 46181 | P: 317-750-3559 | Trade debts | | | | $125,327.62 |
| 28 | **HALO Branded Solutions Inc** 1500 Halo Way Sterling, IL 61081 | P: 646-307-4856 | Trade debts | | | | $117,745.12 |
| 29 | **Republic Nat'l Distrib. - OH** 4460 Lake Forest Drive, Ste 238 Cincinnati, OH 45242 | P: 513-769-5811 | Trade debts | | | | $108,279.63 |
| 30 | **Shapiro Goldstein Moses and Artuso,** Suite 200 7600 Jericho Turnpike Woodbury, NY 11797 | P: 516-932-0404 | Professional Services | | | | $100,931.41 |

## United States Bankruptcy Court
### Northern District of Texas

In re: **Stoli Group (USA), LLC**
Debtor(s)

Case No.
Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **S.P.I. Spirits (Cyprus) Limited** | | | 100% |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President and Global Chief Executive Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **November 27, 2024**

Signature **/s/ Chris Caldwell**
**Chris Caldwell**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

# United States Bankruptcy Court
### Northern District of Texas

In re   **Stoli Group (USA), LLC**  
Debtor(s)

Case No.  
Chapter   **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for   **Stoli Group (USA), LLC**   in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**S.P.I. Spirits (Cyprus) Limited**

☐ None [*Check if applicable*]

| | |
|---|---|
| **November 27, 2024** | **/s/ Holland N. O'Neil** |
| Date | **Holland N. O'Neil 14864700** |
| | Signature of Attorney or Litigant |
| | Counsel for   **Stoli Group (USA), LLC** |
| | **Foley & Lardner LLP** |
| | **2021 McKinney Avenue** |
| | **Suite 1600** |
| | **Dallas, TX 75201** |
| | **214-999-3000 Fax:214-999-4667** |
| | **honeil@foley.com** |

**Fill in this information to identify the case:**

Debtor name: **Stoli Group (USA), LLC**

United States Bankruptcy Court for the: NORTHERN DISTRICT OF TEXAS

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **November 27, 2024**    X **/s/ Chris Caldwell**
Signature of individual signing on behalf of debtor

**Chris Caldwell**
Printed name

**President and Global Chief Executive Officer**
Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

**WRITTEN CONSENT OF THE SOLE MEMBER OF
STOLI GROUP (USA), LLC
A DELAWARE LIMITED LIABILITY COMPANY
REGISTRATION NO. 5283240
(THE "COMPANY")**

November 27, 2024

In accordance with Section 18-302(b) of the Limited Liability Company Act of Delaware, and the Second Amended and Restated Operating Agreement of the Company, the undersigned, constituting the sole Member of the Company (the "**Member**") hereby takes the following actions and adopts the following resolutions attached hereto as **Exhibit A** (the "**Resolution**") and each and every action effected thereby by unanimous written consent without a meeting.

This Resolution may be executed in counterparts, each of which shall be deemed an original, and all of which, taken together, shall constitute one instrument. A copy of this Resolution signed and delivered by telecopy or other facsimile transmission shall be considered an original.

IN WITNESS WHEREOF, the undersigned, being the Member of the Company, hereby consents to all of the foregoing as the date first written above.

MEMBER:
SPI Spirits (Cyprus) Limited

_____
Svetlana Cimmere, director

_____
Denis Nikolaev, director

_____
Mikhail Polyakin, director

## EXHIBIT A

## VOLUNTARY PETITION FOR RELIEF UNDER
## CHAPTER 11 OF TITLE 11 OF THE UNITED STATES CODE

WHEREAS, the Company is experiencing financial difficulties and is considering filing a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code;

WHEREAS, the Member has determined that it is in the best interests of the Company, its creditors, and other interested parties to authorize the preparation and potential filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code and to pursue any and all actions necessary in connection with such filing;

WHEREAS, the Member desires to appoint an authorized representative to execute and file the necessary documents to commence Chapter 11 proceedings on behalf of the Company and to take all necessary actions related to the Chapter 11 filing;

WHEREAS, the Member has reviewed and considered the financial condition and circumstances of the Company, the Company's assets, liabilities, and liquidity, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business; and

WHEREAS, the Member has concluded that the authorization of the filing of a petition under Chapter 11 of the Bankruptcy Code and the appointment of a signatory to act on behalf of the Company are appropriate and in the best interests of the Company.

NOW, THEREFORE, BE IT RESOLVED, the Member has determined that it is desirable and in the best interests of the Company, its creditors, and other interested parties that a voluntary petition be prepared and potentially filed by the Company in a United States Bankruptcy Court, including the United States Bankruptcy Court for the Northern District of Texas (the "**Bankruptcy Court**"), under the provisions of chapter 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**") in such form and at such time as the Authorized Representative of the Company executing said petition shall determine (the "**Chapter 11 Case**");

BE IT FURTHER RESOLVED, that Christopher Paul Caldwell, in his capacity as Global CEO (the "**Authorized Representative**"), is hereby appointed as the Company's representative with full authority and power to, on behalf of and in the name of the Company, file the Chapter 11 Case;

BE IT FURTHER RESOLVED, that the law firm of Foley & Lardner LLP, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 ("**Foley**"), is hereby employed as counsel for the Company in or related to the Chapter 11 Case, including (i) taking any and all actions to advance the Company's rights and obligations in connection therewith, and (ii) representing and assisting the Company in carrying out its respective duties under the Bankruptcy Code;

BE IT FURTHER RESOLVED, that Riveron Consulting, LLC, 2515 McKinney

Avenue, Dallas, Texas 75201 ("**Riveron**"), is hereby employed as restructuring and financial advisor for the Company in or related to the Chapter 11 Case and Steven Wybo as Chief Restructuring Officer for the Company in or related to the Chapter 11 Case, including, subject at all times to written consent by the member/manager of the Company (i) taking actions to advance the Company's rights and obligations in connection therewith, and (ii) representing and assisting the Company in carrying out its respective duties under the Bankruptcy Code;

**BE IT FURTHER RESOLVED,** that the Authorized Representative of the Company be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, financial, accounting, and bankruptcy services firms (together with Foley and Riveron, collectively, the "**Professionals**") as may be deemed necessary or appropriate by the Authorized Representative for the Chapter 11 Case and, in connection therewith, is authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of such Professionals;

**BE IT FURTHER RESOLVED,** that the Authorized Representative of the Company be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute and file in the Chapter 11 Case, all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith;

**BE IT FURTHER RESOLVED,** that all acts lawfully done or actions lawfully taken by any officer, manager, director, or member of the Company or any Professional to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code or in connection with the Chapter 11 Case, or any matter or proceeding related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company;

**BE IT FURTHER RESOLVED,** that the Company, as a debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, shall be and hereby is authorized to: (i) borrow and/or receive funds from and undertake any and all related transactions contemplated thereby (collectively, the "**Financing Transactions**") and negotiate, execute, and deliver agreements, including without limitation, the debtor-in-possession financing agreement, with any party, including existing lenders and sureties, and on such terms as may be approved by any one of the officers, as reasonably necessary for the continuing conduct of affairs of the Company and (ii) pay related fees and grant security interests in and liens on some, all, or substantially all of the Company's assets, as may be deemed necessary by any one or more of the officers of the Company in connection with such borrowings;

**BE IT FURTHER RESOLVED,** that the Authorized Representative of the Company be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, as a debtor and debtor-in-possession, to take such actions and execute and deliver such agreements, notes, guaranties, reaffirmations, certificates, instruments, notices, and any and all other documents as may be deemed necessary or appropriate to facilitate or consummate the Financing Transactions;

**BE IT FURTHER RESOLVED,** that the Authorized Representative of the Company be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, or other writings referred to in the foregoing resolutions; and

BE IT FURTHER RESOLVED, that any and all actions of any officer, manager, director, or member of the Company taken prior to the date hereof to (i) carry out the purposes of the foregoing resolutions, including all further acts and deeds that any such officer, manager, director, or member of the Company deems necessary, proper, or desirable in connection with the Chapter 11 Case, and the transactions contemplated thereunder, and (ii) take any such action to constitute conclusive evidence of the exercise of such discretionary authority, be and hereby are ratified, approved, and confirmed in all respects; and

BE IT FURTHER RESOLVED, that this Resolution shall be effective as of the date hereof and shall remain in full force and effect until modified or rescinded by further resolution of the Member.

### GENERAL IMPLEMENTING AUTHORITY

BE IT RESOLVED, that the Authorized Representative of the Company be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute, verify, and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, applications to employ and retain all assistance by legal counsel, accountants, or other professionals and to take any and all action that they deem necessary and proper in connection with the Chapter 11 Case; and

BE IT FURTHER RESOLVED, that the Authorized Representative of the Company be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, documents, certificates, and undertakings, and to incur all such fees and expenses, as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions.

[Remainder of page left blank intentionally]