Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Mary Rofaeil (TX 24119467)
Zachary C. Zahn (TX 24137675)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
mary.rofaeil@foley.com
zzahn@foley.com

Ann Marie Uetz (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

Michael J. Small (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
msmall@foley.com

**COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | § Chapter 11 |
| | § |
| Stoli Group (USA), LLC, *et al.*,[1] | § Case No.: 24-80146-swe11 |
| | § |
| Debtors. | § (Jointly Administered) |
| | § |

**EMERGENCY MOTION TO FURTHER EXTEND THE EXCLUSIVE PERIOD
FOR STOLI GROUP (USA), LLC TO FILE A CHAPTER 11 PLAN AND
SOLICIT ACCEPTANCES THEREOF**

> **Emergency relief has been requested. Relief is requested no later than 9:30 a.m. (CT) on April 29, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing or file a written response by no later than 12:00 p.m. (CT) on April 28, 2025. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal identification number, are Stoli Group (USA), LLC (5602) and Kentucky Owl, LLC (3826). The Debtors' address is 135 East 57th Street, 9th Floor, New York City, New York.

1

> **A hearing will be conducted on this matter on April 29, 2025, at 9:30 a.m. (CT) in Courtroom 3, floor 14, 1100 Commerce Street, Dallas, TX 75242 before the Honorable Scott W. Everett, U.S. Bankruptcy Judge for the Northern District of Texas.**
>
> **You may participate in the hearing either in person or by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1-650-479-3207. Video communication will be by use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Everett's home page. The meeting code is 2304 017 9738. Click the settings icon in the upper right corner and enter your name under the personal information setting. A copy of Judge Everett's WebEx Hearing Instructions can be found at the following link: WebEx Hearing Instructions.**
>
> **Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Everett's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

Stoli Group (USA), LLC ("**Stoli USA**") and Kentucky Owl, LLC ("**KO**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby file the *Emergency Motion to Further Extend the Exclusive Period for Stoli Group (USA), LLC to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "**Motion**"). In support of this Motion, the Debtors respectfully represent as follows:[2]

## I.
## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant

---

[2] Concurrently with the filing of this Motion, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Continue Use of Cash Collateral and (II) Granting Related Relief*, which contains additional information regarding the current posture of the Chapter 11 Cases and is incorporated herein by reference.

2

to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Court.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105 and 1121 of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rule 3016, and Local Rule 3016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "**Local Rules**").

## II.
## BACKGROUND

**A.     Chapter 11 Cases**

4. On November 27, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby initiating the Chapter 11 Cases and creating their respective bankruptcy estates (the "**Estates**"). The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors was appointed on December 23, 2024 (the "**Committee**"). [*See* Docket No. 93].

5. Information on the Debtors and their businesses can be found in the *Declaration of Chris Caldwell in Support of First Day Motions* [Docket No. 11] (the "**First Day Declaration**"), incorporated herein by reference. As explained in the First Day Declaration, the Debtors operate within the "**Stoli Group**"—a vertically integrated global network and enterprise headquartered in Luxemburg that manufactures, produces, markets, sells, and distributes vodka, bourbon, tequila, wine, scotch, rum, ginger beer, and other alcoholic and non-alcoholic beverages throughout the world (collectively, "**Stoli Products**"). Within the Stoli Group, the Debtors collectively serve as

3

the exclusive purchaser, importer, and distributor entities of finished Stoli Products in the United States.

**B.** **First Exclusivity Motion**

6. On March 5, 2025, the Debtors filed the *Debtors' Motion to Extend the Exclusive Period to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 266] (the "**Exclusivity Motion**"), thereby seeking to extend the Debtors the Filing Exclusivity Period and the Solicitation Exclusivity Period through and including June 25, 2025, and August 24, 2025, respectively.[3]

7. On April 1, 2025, and April 2, 2025, the Court held an evidentiary hearing (the "**Hearing**") on the Exclusivity Motion and the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Continue Use of Cash Collateral and (II) Granting Related Relief* [Docket No. 303] (the "**Cash Collateral Motion**"). At the Hearing, (1) the Court heard statements, arguments, and evidence in support of and in opposition to the relief requested in the Exclusivity Motion, Cash Collateral Motion, and other related matters, and (2) counsel for the Debtors, the Lender, and the Committee announced an agreement regarding the Exclusivity Motion and the Cash Collateral Motion. Thereafter, on April 4, 2025, the Court entered the *Second Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 339] (the "**Second Stipulation and Agreed Order**") and the *Stipulation and Agreed Order Regarding the Debtors' Motion to Extend the Exclusive Period to File a Chapter 11 Plan and Solicit Acceptances Thereof* [Docket No. 340] (the "**Exclusivity Stipulation and Agreed Order**").

---

[3] Capitalized terms used in this paragraph but not otherwise defined herein shall have the meanings ascribed to them in the Exclusivity Motion.

4

8. Under the Second Stipulation and Agreed Order, the Debtors were authorized to continue using the Lender's Cash Collateral through April 30, 2025, in accordance with the terms of the Final Order authorizing the Debtors use of Cash Collateral, provided that the Debtors comply with certain other terms and conditions reflected in the Second Stipulation and Agreed Order.[4]

9. Pursuant to the Exclusivity Stipulation and Agreed Order, (1) the Filing Exclusivity Period for Debtor Stoli USA was extended through and including April 29, 2025, and the Solicitation Exclusivity Period for Debtor Stoli USA was extended through and including June 28, 2025; and (2) the Filing Exclusivity Period and the Solicitation Exclusivity Period for Debtor KO was terminated as of April 1, 2025. [*See* Docket No. 340, at ¶ 1].[5]

## III.
## RELIEF REQUESTED

10. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), extending Debtor Stoli USA's Filing Exclusivity Period and Solicitation Exclusivity Period through and including May 31, 2025, and July 30, 2025, respectively. The Debtors request the extension to ensure that Debtor Stoli USA has an opportunity to propose, confirm, and consummate a plan before its Exclusivity Periods otherwise expire.

## IV.
## BASIS FOR RELIEF

11. As of the date of the filing of this Motion, the Debtors' Chapter 11 Cases have been pending for almost five (5) months. During that time, the Debtors have worked with their advisors to stabilize and continue with their day-to-day operations, preserve value for all stakeholders, solidify relationships with customers and vendors, engage in discussions with key stakeholders,

---

[4] Capitalized terms used in this paragraph but not otherwise defined herein shall have the meanings ascribed to them in the Second Stipulation and Agreed Order.

[5] Capitalized terms used in this paragraph but not otherwise defined herein shall have the meanings ascribed to them in the Exclusivity Stipulation and Agreed Order.

5

and work toward restoring their enterprise resource planning ("ERP" or "SAP") system and internal processes (including accounting functions), which suffered severe disruption in the wake of a data breach and ransomware attack in August 2024. At the same time, the Debtors have coordinated with and worked to timely respond to diligence and information requests from the Committee and the Debtors' secured lender, Fifth Third Bank, National Association (the "**Lender**"). Additionally, the Debtors have been engaged in ongoing negotiations and discussions with the Lender and the Committee regarding various issues in these Chapter 11 Cases and are now in a position to engage with the Lender and the Committee regarding the terms of the Debtors' proposed plan of reorganization. All of that to say, the Debtors have accomplished much in the first several months of these Chapter 11 Cases and expect their progress to continue.

**A.     The Court may extend the Exclusivity Periods for "cause."**

12.    The foremost goal of chapter 11 of the Bankruptcy Code is to reorganize troubled businesses in a manner that, among other things, increases the pool of assets available for distribution to stakeholders. *See, e.g.*, *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527 (1984) ("[T]he policy of Chapter 11 is to permit successful rehabilitation of debtors . . . ."). To that end, Congress codified a number of interwoven provisions that reflect the ultimate goal of rehabilitation through a considered and consensual chapter 11 plan, including a debtor's exclusive right to a fair amount of time in which only it may propose a plan. *See In re Perkins*, 71 B.R. 294, 297 (W.D. Tenn. 1987) (explaining that extensions of exclusivity periods further the purpose of chapter 11 by providing more time to negotiate a consensual plan "which would inure to the benefit of all.").

13.    Section 1121(b) of the Bankruptcy Code establishes an initial period of 120 days after the commencement of a chapter 11 case, during which only a debtor may file a plan (the "**Filing Exclusivity Period**") and an additional 60-day period thereafter during which only the debtor may solicit votes for a plan (the "**Solicitation Exclusivity Period**," and together with the

6

Filing Exclusivity Period, the "**Exclusivity Periods**"). *See* 11 U.S.C. § 1121(b). Currently, in accordance with the Exclusivity Stipulation and Agreed Order, the Filing Exclusivity Period for Debtor Stoli USA expires on April 29, 2025, and the Solicitation Exclusivity Period for Debtor Stoli USA expires on June 28, 2025. The Exclusivity Periods for Debtor KO have otherwise expired in accordance with the Exclusivity Stipulation and Agreed Order.

14. Section 1121(d)(1) permits the court to extend the Debtor Stoli USA's Exclusivity Periods "for cause." Although the Bankruptcy Code does not define "cause," bankruptcy courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd. (In re Timbers of Inwood Forest Assocs., Ltd.)*, 808 F.2d 363, 372 (5th Cir. 1987) (noting that the meaning of "cause" under section 1121 should be viewed in the context of the Bankruptcy Code's goal of fostering reorganization); *In re Mirant Corp.*, No. 4-04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) (noting that an extension of exclusivity is typically granted where "the debtor showed substantial progress had been made in negotiations toward reorganization"); *see also In re Adelphia Commc'ns Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006) (citing factors relevant to whether "cause" exists to extend exclusive periods).

15. A decision to extend the Exclusivity Periods is committed to the sound discretion of the bankruptcy court and should be based upon the unique facts and circumstances of each particular case. *See, e.g., In re Mirant Corp.*, 2004 WL 2250986, at * 2–3 ("The bankruptcy court must balance the potential harm to creditors and limit the delay that makes creditors hostages of Chapter 11 debtors." (citations omitted)); *In re Borders Grp., Inc.*, 460 B.R. 818, 821–22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns*

*Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (identifying the factors used by courts to determine whether cause exists to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643–44 (B.A.P. 8th Cir. 2003) (same); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (same).

16. Courts examine numerous factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and, thus, whether there is "cause" for extension of the Exclusivity Periods. These factors include:

   a. the size and complexity of the case;

   b. the need for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

   c. whether the debtor has made progress in negotiations with its creditors;

   d. the existence of good faith progress toward reorganization;

   e. whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

   f. whether the debtor has demonstrated reasonable prospects for filing a viable plan;

   g. the fact that the debtor is paying its bills as they become due;

   h. the amount of time which has elapsed in the case; and

   i. whether an unresolved contingency exists.

*See, e.g.*, *In re New Millennium Mgmt., LLC*, No. 13-35719, 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods); *In re Express One Int'l, Inc.*, 194 B.R. at 100 (applying the above-listed factors and finding cause to extend the period for 60 days).

17. A debtor does not need to show any number of the nine factors above to show "cause." *See In re Express One Int'l, Inc.*, 194 B.R. at 100. Instead, courts within the Fifth Circuit and in other jurisdictions have held that the decision to extend exclusivity is left to the sound discretion of the court and should be based on the totality of circumstances in each case. *See, e.g., In re Mirant*, 2004 WL 2250986, at * 3 (noting that the decision to extend exclusivity "lies within the bankruptcy court's discretion"); *In re Express One Int'l, Inc.*, 194 B.R. at 100 (extending exclusivity based on the totality of the circumstances). Consideration of an exclusivity motion should also involve "a broader, more global view—focused on what is best for these chapter 11 cases; most in keeping with the letter and spirit of chapter 11; and what is most appropriate under the unique facts" of the case before the court. *In re Adelphia Commc'ns Corp.*, 352 B.R. at 582.

B.    **"Cause" exists to extend the Exclusivity Periods in these Chapter 11 Cases.**

18. Here, for a number of reasons and as set forth below, the relevant factors weigh in favor of the Court granting the Debtors' request for an extension of the Exclusivity Periods with respect to Debtor Stoli USA.

19. *First*, these Chapter 11 Cases are complex, as reflected by the Court's *Order Granting Complex Chapter 11 Bankruptcy Case Treatment* [Docket No. 41]. Indeed, the Debtors have a significant number of creditors, various assets, and global operations that make these Chapter 11 Cases large and complex. This adds complexity to a reorganization of the Debtors' business relationships and financial statements, and the complexities and large pool of potential creditors require the Debtors and their advisors to focus on numerous issues when formulating a chapter 11 plan. And again, during the initial stages of these Chapter 11 Cases, much of the Debtors' efforts were focused on stabilizing the Debtors' operations and preserving the going-concern value of the Debtors' businesses.

9

20. *Second*, although this is Debtor Stoli USA's second request for an extension of its Exclusivity Periods, Debtor Stoli USA needs additional time to develop its chapter 11 plan and negotiate with the Lender and Committee with respect thereto. Indeed, because of the complexity of the Chapter 11 Cases, an extension of the Exclusivity Periods will give Debtor Stoli USA the time it needs to continue developing the terms of its chapter 11 plan of reorganization with key stakeholders and memorialize the terms of both its plan and disclosure statement.

21. *Third*, the Debtors' purpose in seeking an extension of Debtor Stoli USA's Exclusivity Periods is a good-faith effort to continue their reorganization efforts without the distraction and costs of a competing plan process, which would be a waste of the Debtors' limited time and resources. The relief requested in the Motion is not intended for the purpose of coercing or strong-arming any creditor but rather to benefit all of the Estates' stakeholders as a whole. Indeed, this is evidenced by the Debtors engaging in negotiations and discussions with the Lender and the Committee regarding various issues in these Chapter 11 Cases, and the Debtors intent to negotiate with the Lender and the Committee to reach an agreement regarding the terms of a proposed plan of reorganization, which, as mentioned above, is an ongoing process. Moreover, an extension of the Exclusivity Periods for Debtor Stoli USA will not result in prejudice to any creditor or party in interest and, instead, will enable the Debtors to continue focusing on preserving and enhancing their going-concern value and proposing a viable and fair plan that is (ideally) supported by all major constituents. Such a result is clearly in the best interest of the Debtors, the Estates, creditors, and all parties in interest.

22. *Fourth*, the Debtors have displayed a willingness to accommodate and negotiate with their various stakeholders, and the Debtors' actions have shown that the Debtors have a

reasonable prospect of generating a viable plan. As such, those factors also weigh in favor of granting an extension of Debtor Stoli USA's Exclusivity Periods.

23. *Finally*, the Debtors have made much progress since filing these Chapter 11 Cases. The Debtors and their professionals have worked to reaffirm relationships with the Debtors' customers and vendors, employ professionals to assist the Debtors in their reorganization efforts, establish notice procedures, prepare and file schedules, statements, and monthly operating reports, and engage in discussions with various stakeholders. In addition, the Debtors have spent a large amount of time coordinating the flow of information with the Committee and the Lender, both of whom have requested extensive access to books, records, and personnel. Further, the Debtors have engaged in significant efforts to re-launch their enterprise resource planning ("ERP" or "SAP") system and internal processes (including accounting functions) following a data breach and ransomware attack in August 2024. All the while, the Debtors have also paid close attention to their liquidity and financial status to ensure a successful emergence from chapter 11. And most importantly, the Debtors have been engaged with the Lender and the Committee on all aspects of these Chapter 11 Cases and intend to continue doing so in an effort to reach a consensus and agreement on a chapter 11 plan and path to exit chapter 11 plan.

24. In sum, the Debtors believe that there is ample cause to extend the Exclusivity Periods for Debtor Stoli USA and that the requested extension of the Exclusivity Periods is warranted and appropriate under the circumstances. Each of the relevant factors supports extension, and since the beginning of these Chapter 11 Cases, the Debtors have been engaged in good-faith efforts to formulate a viable plan to restructure their operations and their financial status. And those diligent, good-faith efforts by the Debtors are ongoing. The Debtors submit that the requested extension is reasonable and necessary, will not prejudice the legitimate interests of

11

creditors and other parties in interest, and will afford the Debtors a meaningful opportunity to pursue a feasible and consensual plan.

## V.
## NOTICE

25. No trustee or examiner has been appointed in these Chapter 11 Cases. This Motion has been provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the Debtors' secured lender and counsel to the Debtors' secured lender; (iii) the Committee and counsel for the Committee; (iv) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (v) the Internal Revenue Service; and (vi) all parties in interest who have formally appeared and requested notice. The Debtors respectfully submit that no further notice of this Motion is required.

26. The pleadings in these Chapter 11 Cases and supporting papers are available on the Debtors' website at https://cases.stretto.com/Stoli or on the Bankruptcy Court's website at https://ecf.txnb.uscourts.gov/. You can request any pleading you need from (i) the noticing agent at: Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, 855-469-2598 (toll-free), (TeamStoli@stretto.com) or (ii) counsel for the Debtors at: Foley & Lardner LLP, c/o Stephen A. Jones, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 (sajones@foley.com).

WHEREFORE, the Debtors respectfully request that the Court grant the Motion, enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and grant the Debtors such other and further relief as this Court may deem just and proper.

[*Signature Page to Follow*]

DATED: April 18, 2025     Respectfully submitted by:

*/s/ Holland N. O'Neil*
Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Mary Rofaeil (TX 24119467)
Zachary C. Zahn (TX 24137675)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
mary.rofaeil@foley.com
zzahn@foley.com

-and-

Ann Marie Uetz (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

-and-

Michael J. Small (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
msmall@foley.com

**COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION**

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on April 18, 2025, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

                                       */s/ Stephen A. Jones*
                                       Stephen A. Jones