Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967

Asher Bublick
for the United States Trustee
asher.bublick@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** | § | Case No.   24-80146-swe11 |
| | § | |
| **STOLI GROUP (USA), LLC, et al.,**[1] | § | Chapter 11 |
| | § | |
| *Debtors.* | § | Jointly Administered |

**UNITED STATES TRUSTEE'S OBJECTION TO (A) FINAL APPROVAL OF THE *FIRST AMENDED DISCLOSURE STATEMENT RELATING TO THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF DEBTORS AND THE PLAN SPONSOR* AND (B) CONFIRMATION OF THE *FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF THE DEBTORS AND THE PLAN SPONSOR***

TO THE HONORABLE SCOTT W. EVERETT, U.S. BANKRUPTCY JUDGE:

Lisa L. Lambert, the United States Trustee for Region 6 (the "**United States Trustee**"), submits this Objection to (A) Final Approval of the *First Amended Disclosure Statement Relating to the First Amended Joint Chapter 11 Plan of Reorganization of Debtors and the Plan Sponsor* (the "**Amended Disclosure Statement**") [ECF No. 581] and (B) Confirmation of the *First Amended Joint Chapter 11 Plan of Reorganization of the Debtors and the Plan Sponsor* (the "**Amended Plan**") [ECF No. 580] (the "**Objection**") and would respectfully show as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal identification number, are Stoli Group (USA), LLC (5602) and Kentucky Owl, LLC (3826). The Debtors' address is 135 East 57th Street, 9th Floor, New York City, New York.

**UNITED STATES TRUSTEE'S OBJECTION TO (A) FINAL APPROVAL OF THE *FIRST AMENDED DISCLOSURE STATEMENT RELATING TO THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF DEBTORS AND THE PLAN SPONSOR* AND (B) CONFIRMATION OF THE *FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF THE DEBTORS AND THE PLAN SPONSOR*** Page 1

The United States Trustee adopts and incorporates by reference the arguments made in the *United States Trustee's Objection to Debtors' Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement; (II) Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing; (III) Establishing a Plan and Disclosure Statement Objection Deadline and Related Procedures; (IV) Approving the Solicitation and Notice Procedures; and (V) Granting Related Relief* [ECF No. 457] (the "**Disclosure Statement Objection**"). Although the Debtors have, by the Amended Plan, clarified that (i) the claims of governmental entities exercising their police and regulatory authority are not released and (ii) Debtors will not deem any vote in favor as consent to a release if opt-out election is checked, as set forth in the Disclosure Statement Objection, the Third-Party Release[2] contained in the Amended Plan is still nonconsensual because the opt-out mechanism is not sufficient to convey knowing and voluntary consent. In addition to impermissible Third-Party Releases, the Amended Plan contains exculpations and injunctions that render it patently unconfirmable.

## FACTUAL ALLEGATIONS

### *The Disclosure Statement, Plan, and the Motion*

1. On April 29, 2025, Debtors filed their *Joint Chapter 11 Plan of Reorganization of the Debtors and the Plan Sponsor* (the "**Original Plan**"). [ECF No. 389].

2. On May 6, 2025, Debtors filed their *Disclosure Statement Relating to the Joint Chapter 11 Plan of Reorganization and the Plan Sponsor* (the "**Original Disclosure Statement**") [ECF No. 408] and *Debtor's Motion for Entry of an Order (I) Conditionally Approving the Disclosure Statement; (II) Scheduling a Combined Disclosure Statement Approval and Plan

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Amended Plan.

*Confirmation Hearing; (III) Establishing a Plan and Disclosure Statement Objection Deadline and Related Procedures; (IV) Approving the Solicitation and Notice Procedures; and (V) Granting Related Relief* the "**Motion for Conditional Approval of Disclosure Statement**") [ECF No. 409], which, among other things, sought conditional approval of the disclosure statement subject to final approval concurrently with confirmation of the Debtors' plan.

3. On May 23, 2025, the United States Truste filed her Disclosure Statement Objection.

4. After the filing of the United States Trustee's Disclosure Statement Objection and a disclosure statement objection filed by Fifth Third Bank [ECF No. 510] and the Official Committee of Unsecured Creditors [ECF No. 523], on June 25, 2025, the Debtors filed their Amended Disclosure Statement [ECF No. 581] and Amended Plan [ECF No. 580], which added language preserving governmental police and regulatory powers and clarified that Debtors will not deem any vote in favor as consent to a release if the opt-out election is checked. The United States Trustee's remaining objections are that (1) the Third-Party Release contained in the Amended Plan is still nonconsensual because the opt-out mechanism is not sufficient to convey knowing and voluntary consent and (2) the Amended Plan contains exculpations and injunctions that render it patently unconfirmable.

## ARGUMENT AND AUTHORITY

### *Third-Party Release*

5. The Amended Plan must be fair to all creditors and comply with the Bankruptcy Code and applicable law. Although the Amended Plan corrects some of the flaws of the Original Plan and the Original Disclosure Statement, the Amended Plan is still flawed and unconfirmable

**UNITED STATES TRUSTEE'S OBJECTION TO (A) FINAL APPROVAL OF THE *FIRST AMENDED DISCLOSURE STATEMENT RELATING TO THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF DEBTORS AND THE PLAN SPONSOR* AND (B) CONFIRMATION OF THE *FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF THE DEBTORS AND THE PLAN SPONSOR* Page 3**

because it imposes non-consensual third-party releases in violation of the express ruling of the Supreme Court in *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071, 2082-88 (2024).[3]

6. The Amended Plan purports to force the Third-Party Release on creditors that vote to accept or reject the plan unless they timely execute an Opt-Out Form.

7. Consistent with the U.S. Trustee's position documented in the Disclosure Statement Objection, and as argued at the hearing on the Motion for Conditional Approval of the Disclosure Statement, the U.S. Trustee opposes the use of the opt-out mechanism in the Plan because it does not satisfy the requirements to establish actual consent as defined under applicable state law. Absent voluntary and knowing consent, the Amended Plan's Third-Party Release is improper and renders the Amended Plan unconfirmable. *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2071, 2082-88 (2024).

8. Voting to accept a plan without checking an opt-out box does not constitute the affirmative consent necessary to reflect acceptance of an offer to enter a contract to release claims against non-debtors. *See* RESTATEMENT (SECOND) OF CONTRACTS § 69 cmt. a (1981). Voting to approve a plan plus a failure to opt out of a third-party release is nothing more than silence with respect to the offer to release claims against non-debtors. The act of voting on a chapter 11 plan without opting out is not conduct that "manifest[s] [an] intention that silence may operate as acceptance" of a proposal that the creditor release claims against non-debtors. RESTATEMENT (SECOND) OF CONTRACTS § 69 cmt. a. Impaired creditors have a federal right under the

---

[3] The U.S. Trustee files this objection to further preserve her appellate rights. The Office of the U.S Trustee has appealed a confirmation order, which used "opt outs," in *The Container Store Group, Inc.* (Case No. 24-90627). That appeal is before the United States District Court for the Southern District in Case No. 25-00618.

**UNITED STATES TRUSTEE'S OBJECTION TO (A) FINAL APPROVAL OF THE *FIRST AMENDED DISCLOSURE STATEMENT RELATING TO THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF DEBTORS AND THE PLAN SPONSOR* AND (B) CONFIRMATION OF THE *FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF THE DEBTORS AND THE PLAN SPONSOR***

Bankruptcy Code to vote on a chapter 11 plan. 11 U.S.C. § 1126(a). Merely exercising that right does not manifest consent to release claims against non-debtors.

9. Even more obviously, those who vote to reject the plan are not consenting to third-party releases by failing to mark an opt-out box. Not only is there no "mutual agreement" as to the plan, much less the third-party release, the creditor has expressly stated its rejection of the plan. As the court in *In re Chassix Holdings, Inc.*, reasoned: "[A] creditor who votes to reject a plan should also be presumed to have rejected the proposed third-party releases that are set forth in the plan. *The additional 'opt out' requirement, in the context of this case, would have been little more than a Court-endorsed trap for the careless or inattentive creditor.*" 533 B.R. 64, 79 (Bankr. S.D.N.Y. 2015) (emphasis added).

10. The United States Trustee hereby renews her objection to the use of the opt-out procedures to bind creditors because such procedures render the Amended Plan unconfirmable and adopts and incorporates, by reference, the arguments made in the Disclosure Statement Objection.

**Exculpation**

11. The Plan's Exculpation provisions violate Fifth Circuit authority. The definition of Exculpated Parties in the Amended Plan far exceeds what is permissible under the law of this Circuit. *Compare* Amended Plan, [ECF No. 580 at 11 (defining "Exculpated Party")] *with NexPoint Advisors, L.P. v. Highland Cap. Mgmt. L.P., (In re Highland Cap. Mgmt., L.P.*), 48 F.4th 419, 437-38 (5th Cir. 2022). Specifically, the Amended Plan includes the following Exculpated Parties that are not allowed to be exculpated under Fifth Circuit law: (i) the Reorganized Debtors; (ii) the Exit Facility Lender, if any; (iii) the Professionals retained in these Chapter 11 Cases; and (iv) with respect to each of the Debtors; each of the Reorganized Debtors; the Committee and its

members, each in their capacities as such; the Exit Facility Lender, if any; and the Professionals retained in these Chapter 11 Cases, such Entities' current and former officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such. *Id.* But the Fifth Circuit has affirmed that, in accordance with *Bank of New York Trust Company, NA v. Official Unsecured Creditors' Committee (In re Pacific Lumber Co.)* 584 F.3d 229 (5th Cir. 2009), and section 524(e) of the Bankruptcy Code, "any exculpation in a Chapter 11 reorganization plan [must] be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties . . . ." *Highland* 48 F.4th at 437.

12. The United States Trustee hereby renews her objection to the Exculpation provisions because such provisions render the Amended Plan unconfirmable and adopts and incorporates, by reference, the arguments made in the Disclosure Statement Objection.

**Injunction**

13. This Court also may not approve the Injunction enforcing the third-party release by barring claims against non-debtors. *Purdue* held that non-consensual third-party releases and injunctions are generally not permitted by the Bankruptcy Code. *See Purdue*, 144 S. Ct. at 2088. As the *Purdue* court noted, the Bankruptcy Code allows courts to issue an injunction in support of a non-consensual, third-party release in exactly one context: asbestos-related bankruptcies, and these cases are not asbestos-related. *See id.* at 2085 (citing 11 U.S.C. § 524(g)).

---

**UNITED STATES TRUSTEE'S OBJECTION TO (A) FINAL APPROVAL OF THE *FIRST AMENDED DISCLOSURE STATEMENT RELATING TO THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF DEBTORS AND THE PLAN SPONSOR* AND (B) CONFIRMATION OF THE *FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION OF THE DEBTORS AND THE PLAN SPONSOR*** Page 6

14. The United States Trustee hereby renews her objection to the use of the Injunction because such provisions render the Amended Plan unconfirmable and adopts and incorporates, by reference, the arguments made in the Disclosure Statement Objection.

## CONCLUSION

The United States Trustee respectfully requests that the Court (1) deny final approval of the Amended Disclosure Statement, (ii) deny confirmation of the Amended Plan, and (iii) grant such other relief to which she may be entitled.

Dated: July 16, 2025                                   Respectfully submitted,

                                                                 LISA L. LAMBERT
UNITED STATES TRUSTEE

*/s/ Asher M. Bublick*
Asher M. Bublick
Texas State Bar No. 24113629
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas 75242
(214) 767-8967
asher.bublick@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on July 16, 2025, that I sent a copy of the forgoing document via ECF.

                               */s/ Asher M. Bublick*
                               Asher M. Bublick