Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Mary Rofaeil (TX 24119467)
Zachary C. Zahn (TX 24137675)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
mary.rofaeil@foley.com
zzahn@foley.com

Ann Marie Uetz (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

Michael J. Small (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
msmall@foley.com

**COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Stoli Group (USA), LLC, *et al.*,[1] | § | Case No.: 24-80146-swe11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**AMENDED NOTICE OF (I) RESCHEDULED HEARING ON
THE DISCLOSURE STATEMENT AND CONFIRMATION OF THE
FIRST AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION
OF THE DEBTORS AND THE PLAN SPONSOR, (II) DEADLINE TO
CAST VOTES TO ACCEPT OR REJECT THE PLAN,
AND (III) OBJECTION AND OPT OUT RIGHTS**

**PLEASE TAKE NOTICE** that on that on June 24, 2025, the United States Bankruptcy Court for the Northern District of Texas (the "**Court**"), overseeing the above-captioned chapter 11 cases (the "**Chapter 11 Cases**") of Stoli Group (USA), LLC ("**Stoli (USA)**") and Kentucky Owl, LLC ("**KO**"), as debtors and debtors in possession (collectively, the "**Debtors**"), entered (i) an order [Docket No. 577] (the "**Disclosure Statement Order**"), which, *inter alia*, (a) conditionally approved the Disclosure Statement (defined below), (b) approved the forms of ballots and notices

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal identification number, are Stoli Group (USA), LLC (5602) and Kentucky Owl, LLC (3826). The Debtors' address is 135 East 57th Street, 9th Floor, New York City, New York.

related to confirmation of the Plan (defined below), (c) scheduled dates and deadlines related to confirmation of the Plan, and (d) granted related relief.[2]

**PLEASE TAKE FURTHER NOTICE** that on June 25, 2025, the Debtors filed the *First Amended Joint Chapter 11 Plan of Reorganization of the Debtors and the Plan Sponsor* [Docket No. 580] (as may be modified, amended, or supplemented from time to time, the "**Plan**").

**PLEASE TAKE FURTHER NOTICE** that on June 25, 2025, the Debtors filed the *First Amended Disclosure Statement for the First Amended Joint Chapter 11 Plan of Reorganization of the Debtors and the Plan Sponsor* [Docket No. 581] (the "**Disclosure Statement**") pursuant to sections 1125 and 1126(b) of title 11 of the United States Code (the "**Bankruptcy Code**").

**PLEASE TAKE FURTHER NOTICE** that on July 18, 2025, the Court entered the *Order Amending Confirmation Schedule* [Docket No. 672] (the "**Scheduling Order**"), amending the Confirmation Schedule approved by the Court via the Disclosure Statement Order.[3]

**PLEASE TAKE FURTHER NOTICE**, in accordance with the Scheduling Order, the hearing to consider the adequacy of the Disclosure Statement, any objections to the Disclosure Statement, confirmation of the Plan, any objections thereto, and any other matter that may properly come before the Court (the "**Combined Hearing**") will be held before the Honorable Judge Scott W. Everett, United States Bankruptcy Judge, for the Northern District of Texas, U.S. Bankruptcy Court, 1100 Commerce Street, 14th Floor, Courtroom No. 3, Dallas, TX 75242 OR **via WEBEX** on **August 11, 2025, and August 12, 2025, beginning each day at 9:30 a.m. (prevailing Central Time), then continuing (as needed) on August 14, 2025, at 1:30 p.m. (prevailing Central Time), and August 15, 2025, at 9:30 a.m. (prevailing Central Time)**.

**PLEASE TAKE FURTHER NOTICE** that you may participate in the Hearing in-person or via WEBEX (by video or telephone via the Court's WebEx platform):

- **For WebEx Video Participation/Attendance:**
  Link: https://us-courts.webex.com/meet/everett

- **For WebEx Telephonic Only Participation/Attendance:**
  Dial-In: 1-650-479-3207; Access code: 2304 017 9738

- A copy of the WebEx Hearing Instructions is attached hereto as **Exhibit A**.

---

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning as set forth in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable. The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights. If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs. The statements contained herein are summaries of the provisions contained in the Plan and the Disclosure Statement and do not purport to be precise or complete statements of all the terms and provisions of the Plan or the documents referred therein. To the extent there is a discrepancy between the terms herein and the Plan or the Disclosure Statement, the Plan or the Disclosure Statement, as applicable, shall govern and control. For a more detailed description of the Plan, please refer to the Disclosure Statement.

[3] A true and correct copy of the Scheduling Order is attached hereto as **Exhibit B**.

**PLEASE TAKE FURTHER NOTICE** that the Combined Hearing will be conducted in a hybrid format: parties may make appearances in the courtroom or via WebEx; *provided, however*, parties who will be offering evidence or participating in examination must make appearances in person in Judge Everett's courtroom; *provided, further*, witnesses may appear remotely/virtually in accordance with Judge Everett's WebEx Hearing Instructions. All parties attending the Combined Hearing, whether in person or via WebEx, should sign in electronically on Judge Everett's webpage. The sign-in sheet may be found at the following: https://www.txnb.uscourts.gov/electronic-appearances-1.

**PLEASE TAKE FURTHER NOTICE** that copies of the Plan, Disclosure Statement, Disclosure Statement Order, Scheduling Order, and any related pleadings in these Chapter 11 Cases and supporting papers are available on the Debtors' website at https://cases.stretto.com/Stoli or on the Court's website at https://ecf.txnb.uscourts.gov/. You can request any pleading you need from (i) the noticing agent at: Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, (855) 494-2896 (toll free) or (949) 212-9348, (TeamStoli@stretto.com) or (ii) counsel for the Debtors at: Foley & Lardner LLP, c/o Stephen A. Jones, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 (sajones@foley.com).[4]

**PLEASE TAKE FURTHER NOTICE** that nothing herein will be deemed a waiver of any rights of the Debtors or any other parties in interest to contest any rights asserted by any person in such objections, and all such rights of the Debtors are expressly preserved.

> **Please be advised**: the Combined Hearing may be continued from time to time by the Court or the Debtors **without further notice** other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on all parties entitled to notice.

### CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date.** The voting record date is **June 25, 2025,** except as otherwise provided in the Solicitation Procedures (the "**Voting Record Date**"), which is the date for determining which Holders of Claims in Classes 3, 4, 5, 6 and 7 are entitled to vote on the Plan (each, a "**Voting Class**," and collectively, the "**Voting Classes**").

**Voting Deadline.** The deadline for voting on the Plan is on **July 17, 2025, at 5:00 p.m. (prevailing Central Time)** (the "**Voting Deadline**") for all parties in interest except Fifth Third[5] and Bardstown[6]—in accordance with the Scheduling Order, the Voting Deadline for Fifth Third and Bardstown has been extended to **August 5, 2025, at 5:00 p.m. (prevailing Central Time)**. If you received a Solicitation Package, including a Ballot, and intend to vote on the Plan, you **must:** (a) follow the instructions carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it is **actually received** by the Debtors' notice, claims and solicitation agent

---

[4] Capitalized terms used but not otherwise defined herein shall have the same meaning as set forth in the Plan, or the Disclosure Statement, as applicable.

[5] As used herein, "**Fifth Third**" refers to Fifth Third Bank, National Association.

[6] As used herein, "**Bardstown**" refers to The Bardstown Bourbon Company, LLC.

Stretto, Inc. (the "**Claims and Noticing Agent**"), on or before the applicable Voting Deadline. <u>For the avoidance of doubt, the Voting Deadline includes the deadline by which Opt-Out Forms or Opt-In Forms, as applicable, must be executed, completed, and returned to the Claims and Noticing Agent.</u> **A failure to follow such instructions may disqualify your vote.**

## CRITICAL INFORMATION REGARDING RELEASE OPT-OUT AND OPT-IN <u>OPTIONS AND OBJECTING TO THE PLAN</u>

> <u>**Article VIII**</u> **of the Plan contains release, exculpation, and injunction provisions, and Third Party Releases. Thus, you are advised to review and consider the Plan carefully because your rights might be affected thereunder.**
>
> **All Holders of Claims who vote to accept or reject the Plan and do not affirmatively elect to "opt out" of being a releasing party under the Plan by timely completing and submitting the Opt-Out Form included in the Ballot before the Voting Deadline will be deemed to have expressly, unconditionally, generally, individually, and collectively consented to the Third Party Releases.**
>
> **All Holders of Claims or Interests who are not entitled to vote to accept or reject the Plan and deemed to accept or reject the Plan may elect to "opt in" to being a Releasing Party under the Plan by timely completing and submitting the Opt-In Form before the Voting Deadline. Any such parties who complete and timely return the Opt-In Form will be deemed to have expressly, unconditionally, generally, individually, and collectively consented to the Third Party Releases.**
>
> **Please be advised that your decision to opt in or opt out does not affect the amount of distribution you will receive under the Plan. Specifically, your recovery under the Plan will be the same if you opt out or opt in.**

<u>**Article VIII.D of the Plan contains the following Debtor Releases**</u>**:**

**Effective as of the Effective Date, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is deemed released and discharged by each and all of the Debtors, the Reorganized Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing entities, from any and all Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, that the Debtors, the Reorganized Debtors, or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against, or Interest in, a Debtor or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership, or operation thereof), the purchase, sale, or rescission of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or**

out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable, the Exit Facility Documents, if applicable, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Exit Facility Documents, if applicable, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (1) any party for actual fraud, willful misconduct or gross negligence, or (2) any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

## Article VIII.E of the Plan contains the following Third Party Releases:

Effective as of the Effective Date, each Releasing Party in each case on behalf of itself and its respective successors, assigns, and representatives, and any and all other entities who may purport to assert any Cause of Action, directly or derivatively, by, through, for, or because of the foregoing entities, is deemed to have released and discharged each Debtor, Reorganized Debtor, and Released Party from any and all Causes of Action, whether known or unknown, including any derivative Claims, asserted or assertable on behalf of any of the Debtors, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable, the Disclosure Statement, the Exit Facility Documents, if applicable, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Exit Facility Documents, if applicable, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date. Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release any party for actual fraud, willful misconduct or gross negligence, any post-Effective Date obligations of any party or Entity under the Plan, any Restructuring Transaction, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Each of the Releasing Parties knowingly grants the Third-Party Releases notwithstanding that each Releasing Party may hereafter discover facts in addition to, or different from, those which either such Releasing Party now knows or believes to be true, and without regard to the subsequent discovery or existence of such different or additional facts, and each Releasing Party expressly waives any and all rights that such Releasing Party may have under any statute or common law principle which would limit the effect of the Third-Party Release to those claims actually known or suspected to exist as of the Agreement Effective Date. In connection with their agreement to the foregoing Third-Party Releases, the Releasing Parties knowingly and voluntarily waive and relinquish any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of unknown claims, comparable or equivalent to California Civil Code § 1542, which provides: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR." For the avoidance of doubt and notwithstanding any provision to the contrary herein, the FTE Group (including any of its successors, and any of its assigns of rights relating to the FTE Group Contingent Claims) shall not be a Releasing Party, and the FTE Group (including any of its successors, and any of its assigns of rights relating to the FTE Group Contingent Claims) does not release or discharge any of the Debtors or the Released Parties from any current or future Claims or Causes of Action. The FTE Group is deemed to opt out of any releases and discharges provided under the Plan without filing any additional pleadings or notices.

**<u>Article VIII.F of the Plan contains the following Exculpations</u>:**

Effective as of the Effective Date, to the fullest extent permissible under applicable law and without affecting or limiting either the Debtor Release or the Third-Party Release, and except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is released and exculpated from any Cause of Action for any claim based on or relating to, or in any manner arising from, in whole or in part, the Debtors (including the management, ownership or operation thereof), the purchase, sale, or rescission of any security of the Debtors or the Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, negotiation, entry into, or filing of, as applicable, related prepetition transactions, the Disclosure Statement, the Exit Facility Documents, if applicable, the Plan, or any Restructuring Transaction, contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Exit Facility Documents, if applicable, or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of Securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, or upon any other related act, or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date (including, for the avoidance

of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion), except for claims related to any act or omission that is determined in a Final Order of a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon completion of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of votes and distribution of consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

**Article VIII.G of the Plan contains the following Injunction:**

**EFFECTIVE AS OF THE EFFECTIVE DATE, PURSUANT TO SECTION 524(A) OF THE BANKRUPTCY CODE, TO THE FULLEST EXTENT PERMISSIBLE UNDER APPLICABLE LAW, AND EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN OR FOR OBLIGATIONS ISSUED OR REQUIRED TO BE PAID PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER, ALL ENTITIES THAT HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE OTHERWISE SUBJECT TO EXCULPATION ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS AGAINST, AS APPLICABLE, THE DEBTORS, THE REORGANIZED DEBTORS, THE EXCULPATED PARTIES, OR THE RELEASED PARTIES: (1) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (2) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (3) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH ENTITIES OR THE PROPERTY OR THE ESTATES OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (4) ASSERTING ANY RIGHT OF SETOFF, SUBROGATION, OR RECOUPMENT OF ANY KIND AGAINST ANY OBLIGATION DUE FROM SUCH ENTITIES OR AGAINST THE PROPERTY OF SUCH ENTITIES ON ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS UNLESS SUCH HOLDER HAS FILED A MOTION REQUESTING THE RIGHT TO PERFORM SUCH SETOFF ON OR BEFORE THE EFFECTIVE DATE, AND NOTWITHSTANDING AN INDICATION OF A CLAIM OR INTEREST OR OTHERWISE THAT SUCH HOLDER ASSERTS, HAS, OR INTENDS TO PRESERVE ANY RIGHT OF SETOFF PURSUANT TO APPLICABLE LAW OR OTHERWISE; AND (5) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON**

**ACCOUNT OF OR IN CONNECTION WITH OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED OR SETTLED PURSUANT TO THE PLAN.**

**BY ACCEPTING DISTRIBUTIONS PURSUANT TO THE PLAN, EACH HOLDER OF AN ALLOWED CLAIM OR ALLOWED INTEREST EXTINGUISHED, DISCHARGED, OR RELEASED PURSUANT TO THE PLAN WILL BE DEEMED TO HAVE AFFIRMATIVELY AND SPECIFICALLY CONSENTED TO BE BOUND BY THE PLAN, INCLUDING, WITHOUT LIMITATION, THE INJUNCTIONS SET FORTH IN <u>ARTICLE VIII.G</u> OF THE PLAN.**

**PURSUANT TO THE FTE GROUP AGREED ORDER ENTERED BY THE BANKRUPTCY COURT IN THE CHAPTER 11 CASES IN CONNECTION WITH CERTAIN DISPUTED, CONTINGENT, UNLIQUIDATED CLAIMS THAT MAY BE HELD BY THE FTE GROUP, AND THAT RELATE TO CERTAIN LITIGATION THAT AROSE PRIOR TO THE PETITION DATE BETWEEN THE DEBTORS AND THE FTE GROUP, ANY PRESENT OR FUTURE CLAIMS THAT THE FTE GROUP (INCLUDING ANY OF ITS SUCCESSORS, AND ANY OF ASSIGNS OF RIGHTS RELATING TO THE FTE GROUP CONTINGENT CLAIMS) MAY HOLD ARE UNAFFECTED BY AND NOT OTHERWISE DEALT WITH VIA THE PLAN OR ANY CONFIRMATION ORDER ENTERED BY THE BANKRUPTCY COURT IN CONNECTION WITH THE PLAN. FOR THE AVOIDANCE OF DOUBT, ANY CURRENT OR FUTURE CLAIMS THAT THE FTE GROUP (INCLUDING ANY OF ITS SUCCESSORS, AND ANY OF ITS ASSIGNS OF RIGHTS RELATING TO THE FTE GROUP CONTINGENT CLAIMS) MAY HOLD SHALL BE EXEMPTED FROM DISCHARGE UNDER SECTION 1141 OF THE BANKRUPTCY CODE IN ACCORDANCE WITH THE FTE AGREED ORDER AND ADDRESSED BY THE DEBTORS IN THE ORDINARY COURSE FOLLOWING THE EFFECTIVE DATE.**

**<u>Article I of the Plan contains the following definitions:</u>**

"**_Exculpated Party_**" **or** "**_Exculpated Parties_**" **means, collectively, and in each case in its capacity as such: (a) each of the Debtors; (b) each of the Reorganized Debtors; (c) the Committee and its members, each in their capacities as such; (d) the Exit Facility Lender, if any; (e) the Professionals retained in these Chapter 11 Cases; and (f) with respect to each of the foregoing in clauses (a) through (e), such Entities' current and former officers, directors, managers, principals, members, employees, agents, advisory board members, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, each in their capacity as such.**

"**_Released Party_**" **or** "**_Released Parties_**" **means collectively, and in each case in its capacity as such: (a) each of the Debtors; (b) the Reorganized Debtors; (c) the Plan Sponsor; (c) the Committee and its members, each in their capacities as such; and (d) with respect to each of the foregoing Entities in clause (a) through clause (c) and in the event of Consummation of the Plan, such Entities' current and former Affiliates, and such Entities' and their current and former Affiliates' current and former directors, managers, officers, chief restructuring officer, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, advisors, and sub-advisors with**

discretionary authority, participants, and each of their respective current and former equity holders, officers, directors, managers, principals, members, management companies, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case, solely in their capacity as such.

"*Releasing Parties*" or "*Releasing Parties*" means, collectively, and in each case in its capacity as such: (a) each of the Debtors; (b) the Reorganized Debtors; (c) the Committee and its members, each in their capacities as such; (d) all Holders of Claims that vote to accept or reject the Plan and do not affirmatively elect to "opt out" of being a Releasing Party under the Plan by timely completing and submitting the Opt-Out Form before the Voting Deadline; (e) all Holders of Claims or Interests who are deemed to accept or reject the Plan that affirmatively elect to "opt in" to being a Releasing Party under the Plan by timely completing and submitting the Opt-In Form before the Voting Deadline; and (f) with respect to each of the Debtors, the Reorganized Debtors, and each of the foregoing Entities in clauses (a) through (e), each such Entity and its current and former Affiliates, and such Entities' and their current and former directors, managers, officers, chief restructuring officer, equity holders (regardless of whether such interests are held directly or indirectly), predecessors, successors, and assigns, subsidiaries, advisors, and sub-advisors with discretionary authority, participants, and each of their respective current and former equity holders, officers, directors, managers, principals, members, management companies, employees, agents, financial advisors, partners, attorneys, accountants, investment bankers, consultants, representatives, and other professionals, in each case, solely in their capacity as such; provided, however, any Holder of a Claim or Interest that (i) fails to submit a Ballot or Opt-In Form, as applicable, before the Voting Deadline or (ii) timely objects to the Third-Party Release through a formal objection Filed on the docket of the Chapter 11 Cases that is not resolved before Confirmation shall not be a Releasing Party. Notwithstanding the foregoing or any provision to the contrary herein, the FTE Group (including any of its successors, and any of its assigns of rights relating to the FTE Group Contingent Claims) shall not be a Releasing Party.

## <u>ADDITIONAL INFORMATION</u>

**Plan Objection Deadline.** With respect to all parties in interest except Fifth Third and Bardstown, the deadline for filing objections to final approval of the Disclosure Statement and confirmation of the Plan is **July 17, 2025, at 5:00 p.m. (prevailing Central Time)** (the "**Objection Deadline**")—in accordance with the Scheduling Order, the Objection Deadline for <u>Fifth Third and Bardstown</u> is **August 5, 2025, at 5:00 p.m. (prevailing Central Time)**. All objections to the relief sought at the Confirmation Hearing **must:** (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest beneficially owned by such entity; (d) state with particularity the legal and factual basis for such objections, and, if practicable, a proposed modification to the Plan that would resolve such objections; and (e) be filed with the Court with proof of service thereof and served so as **actually to be received** on or before the applicable Objection Deadline and served upon the Debtors and those parties who have filed a notice of appearance in these Chapter 11 Cases.

**Assumption or Rejection of Executory Contracts**. Under the terms of <u>Article V</u> of the Plan, on the Effective Date, except as otherwise provided in the Plan, the Plan Supplement, or in any contract, instrument, release, indenture, or other agreement or document entered into in connection with the Plan, all Executory Contracts and Unexpired Leases shall be deemed **assumed**, without the need for any further notice to or action, order, or approval of the Bankruptcy Court, as of the Effective Date under section 365 of the Bankruptcy Code, unless an Executory Contract or Unexpired Lease: (1) was rejected previously by the Debtors; (2) previously expired or terminated pursuant to its own terms; (3) is the subject of a motion to reject filed on or before the Effective Date; or (4) is identified on the Rejected Executory Contract and Unexpired Lease List. **Claims for rejection damages must be filed in accordance with the provisions of <u>Article V</u> of the Plan.**

**Obtaining Solicitation Materials**. If you would like to obtain a copy of the Disclosure Statement Order, Scheduling Order, the Plan, the Disclosure Statement, the Solicitation Procedures, or related documents, such materials are available free of charge by: (a) accessing the Debtors' restructuring website at https://cases.stretto.com/Stoli; (b) writing to Stoli Group (USA), LLC, *et al.* Ballot Processing, c/o Stretto, 410 Exchange, Suite 100, Irvine, CA 92602; (c) calling the Debtors' restructuring hotline at (855) 494-2896 (toll free) or (949) 212-9348 (international) and requesting to speak with a member of the solicitation group; or (d) emailing TeamStoli@stretto.com. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at https://ecf.txnb.uscourts.gov/.

**The Plan Supplement**. The Debtors have filed the initial Plan Supplement (as defined in the Plan) and an Amended Plan Supplement [Docket No. 695] in accordance with the Disclosure Statement Order. The Plan Supplement and Amended Plan Supplement may be downloaded from the Debtors' restructuring website at https://cases.stretto.com/Stoli. You may also obtain copies of the Plan Supplement for a fee via PACER at https://ecf.txnb.uscourts.gov.

**Binding Nature of the Plan:**

**If confirmed, the Plan shall bind all Holders of Claims and Interests to the maximum extent permitted by applicable law, whether or not such Holder will receive or retain any property or interest in property under the Plan, has filed a Proof of Claim in the Chapter 11 Cases or failed to vote to accept or reject the Plan or voted to reject the Plan.**

[*Signature Page to Follow*]

DATED: July 30, 2025                    Respectfully submitted by:

*/s/ Stephen A. Jones*
Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Mary Rofaeil (TX 24119467)
Zachary C. Zahn (TX 24137675)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
mary.rofaeil@foley.com
zzahn@foley.com

-and-

Ann Marie Uetz (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

-and-

Michael J. Small (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
msmall@foley.com

**COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on July 30, 2025, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

<u>*/s/ Stephen A. Jones*</u>
Stephen A. Jones

# EXHIBIT A

# WebEx Hearing Instructions
## Judge Scott W. Everett

Pursuant to General Order 2023-05 issued by the Court on September 19, 2023, hearings before Judge Scott W. Everett will be conducted pursuant to the guidelines set forth in the General Order unless ordered otherwise.

**For WebEx Video Participation/Attendance**:

Link:   https://us-courts.webex.com/meet/everett

**For WebEx Telephonic Only Participation/Attendance**:

Dial-In:   1-650-479-3207;   Access code:   2304 017 9738

**Participation/Attendance Requirements**:

- Counsel and other parties-in-interest who plan to actively participate in the hearing are encouraged to attend the hearing in the WebEx video mode using the WebEx video link above. Counsel and other parties-in-interest who will <u>not</u> be seeking to introduce any evidence at the hearing and who wish to attend the hearing in a telephonic-only mode may attend the hearing in the WebEx telephonic-only mode using the WebEx dial-in and access code above.

- Attendees should join the WebEx hearing at least 10 minutes prior to the hearing start time.  Please be advised that a hearing may already be in progress. <u>During hearings participants are required to keep their lines on mute when they are not addressing the Court or otherwise actively participating in the hearing.</u> **The Court reserves the right to disconnect or place on permanent mute any attendee that causes any disruption to the proceedings**.  For general information and tips with respect to WebEx participation and attendance, please see Clerk's Notice 20-04:
  https://www.txnb.uscourts.gov/sites/txnb/files/hearings/Webex%20Information%20and%20Tips_0.pdf

- **Witnesses are required to attend the hearing in the WebEx video mode, and live testimony will only be accepted from witnesses who have the WebEx video function activated**. Telephonic testimony without accompanying video will <u>not</u> be accepted by the Court.  The Court may consider special requests for other appearance options on a case-by-case basis.

- All WebEx hearing attendees are required to comply with Judge Everett's Telephonic and Videoconference Hearing Policy (included within Judge Everett's Judge-Specific Guidelines):
  https://www.txnb.uscourts.gov/judges-info/hearing-dates/judge-everetts-hearing-dates .

**Exhibit Requirements**:

- Any party intending to introduce documentary evidence at the hearing <u>must</u> file an exhibit list in the case with a true and correct copy of each designated exhibit filed as a <u>separate, individual</u> <u>attachment thereto</u> so that the Court and all participants have ready access to all designated exhibits.

- In addition, for evidentiary hearings, when more than ten exhibits have been filed in ECF or when the total page count of all exhibits exceeds 500 pages, Judge Everett requests a thumb/USB drive be delivered to him prior to the hearing at: U.S. Bankruptcy Court, Attn: Stephen Manz, 1100 Commerce Street, Room 1254, Dallas, TX 75242.

- Paper copies of exhibits are not encouraged; however, paper copies may be provided <u>to the witness(s)</u> at an in-person hearing if preferred.

**Notice of Hearing Content and Filing Requirements**:

<u>IMPORTANT: For all hearings that will be conducted by WebEx only</u>:

- The Notice of Hearing filed in the case and served on parties in interest must: (1) provide notice that the hearing will be conducted by WebEx videoconference only, (2) provide notice of the above WebEx video participation/attendance link, and (3) attach a copy of these WebEx Hearing Instructions or provide notice that they may be obtained from Judge Everett's hearing/calendar site: https://www.txnb.uscourts.gov/judges-info/hearing-dates/judge-everetts-hearing-dates .

- When electronically filing the Notice of Hearing via CM/ECF <u>select "at https://us-courts.webex.com/meet/everett" as the location of the hearing</u> (note: this option appears immediately after the first set of Wichita Falls locations).  Do <u>not</u> select Judge Everett's Dallas courtroom as the location for the hearing.

## <u>CONNECTION INSTRUCTIONS FOR PARTICIPATING IN A WEBEX VIRTUAL HEARING</u>

The Court will allow participation in a virtual hearing using either of the following two methods. Please connect at least 10 minutes prior to the hearing time. It is recommended that attorneys discuss the logistics of the WebEx appearance with their clients/witnesses at least 48 hours before the hearing.

### <u>Option 1: Using the WebEx app on your smartphone, tablet, laptop, or desktop.</u>

Please connect using only one device. Using two or more devices may cause audio feedback issues.

If using a phone or tablet for video, it should be set in a stationary position. Holding a phone or tablet in your hand while speaking does not yield a good video for the court.

**NOTE: If you are experiencing audio issues when using the WebEx application,** you may use the "Call Me At" selection under "Audio Connection" to move just the audio portion of the WebEx conference to your telephone.

### <u>Option 2: Call in via phone (audio only).</u>

Webex dial-in number: 1-650-479-3207 (access code: 2304 017 9738).

## <u>HELPFUL HINTS AND ETIQUETTE</u>

- Please use the mute function when you are not speaking. Please be aware that sometimes the court mutes everyone when there is background noise.  When you want to speak, make sure you are not on mute.  Call-in users should <u>dial *6 to unmute your line</u>.

- Remember to state your name for the record each time before speaking and speak slowly and clearly so the Court can get a good record.

- Use headphones whenever possible, especially if using a desktop PC with external speakers. We have found that newer iPhones provide the best visual and audio feed – better than most desktop computers. <u>If you are on a personal computer, headphones or earbuds are required for those who need to speak during the hearing.</u>

- During examination, attorneys and witnesses should use a separate camera and microphone  when possible. To avoid feedback, parties using separate devices must not be in the same room. The Court may consider special requests on a case-by-case basis.

- WebEx participants may use the "share" button to easily share their screen or document with the Court or other WebEx participants.  Press "stop sharing" to remove the presentation from the meeting.

- When making an appearance from a vehicle, please park in a safe location with windows rolled up (to minimize background distraction and noise) and use a headset that is ear-to-phone (not the vehicle's hands-free speaker-phone option).

- Suggestions for participating in a WebEx hearing from home: If you are having connectivity problems, turn off devices that may be using bandwidth on your home network. Devices or applications such as Facetime, Roku, streaming media players, video games, or large downloads can negatively impact the audio and video quality of the WebEx meeting.

- Participants are reminded that they should wear attire suitable for court.

- Participants who wish to test their WebEx connection or the share screen functionality in advance of the hearing may arrange a "practice run" by contacting the courtroom deputy.

EXHIBITS AND DEMONSTRATIVE AIDS

Exhibits should be filed ahead of time by the date that they would normally be exchanged pursuant to our local rules using the "list (witness/exhibit/generic)" OR "notice (generic)" OR "Support/Supplemental document" event in ECF.

Demonstrative aids and Power Points should also be filed prior to the hearing, if possible. If not, WebEx has the ability to allow you to share your screen, or a particular document, with everyone in the hearing. If these documents are admitted as exhibits, they would then have to be filed after the hearing.

- During the hearing, lawyers can refer to (and offer) their exhibits by referencing the exhibit's docket number for the court and all to access. After the hearing, the court will create a Minute Entry reflecting which exhibits were admitted.  You should consider emailing exhibits to witnesses ahead of time since theymay not have access to PACER.

- In addition for evidentiary hearings, when more than ten exhibits have been filed in ECF or when the total page count of all exhibits exceeds 500 pages, Judge Everett requests a thumb/USB drive be delivered to him prior to the hearing at: U.S. Bankruptcy Court, Attn: Stephen Manz, 1100 Commerce Street, Room 1254, Dallas, TX 75242.

- Paper copies of exhibits are not encouraged; however, paper copies may be provided to the witness(s) at an in-person hearing if preferred.

# EXHIBIT B



CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 18, 2025**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| Stoli Group (USA), LLC, *et al.*,[1] | § | Case No.: 24-80146-swe11 |
|  | § |  |
| Debtors. | § | (Jointly Administered) |
|  | § |  |

### ORDER AMENDING CONFIRMATION SCHEDULE
_____

Pending before the Court is the proposed *Order Amending Confirmation Schedule* (the "**Scheduling Order**") filed by Stoli Group (USA), LLC ("**Stoli USA**") and Kentucky Owl, LLC ("**Kentucky Owl**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), seeking to amend the Confirmation Schedule approved by the Court via the *Order (I) Conditionally Approving the Disclosure Statement; (II)*

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal identification number, are Stoli Group (USA), LLC (5602) and Kentucky Owl, LLC (3826). The Debtors' address is 135 East 57th Street, 9th Floor, New York City, New York.

*Scheduling a Combined Disclosure Statement Approval and Plan Confirmation Hearing; (III)*
*Establishing a Plan and Disclosure Statement Objection Deadline and Related Procedures; (IB)*
*Approving the Solicitation and Notice Procedures; and (V) Granting Related Relief* [Docket No.
577] (the "**Disclosure Statement Order**").[2] Based on the record before this Court, the Court finds
there is good cause for the Court to authorize the amendment of the Confirmation Schedule
approved by the Court in the Disclosure Statement Order. Based upon the foregoing findings and
conclusions, and good and sufficient cause appearing therefor, **IT IS HEREBY ORDERED
THAT**:

1.      The Scheduling Order is approved, and the Confirmation Schedule approved via
the Disclosure Statement Order is hereby modified, as set forth herein.

2.      The Confirmation Schedule is hereby modified and approved as follows:

| Event | Date |
|---|---|
| **Conditional Approval Hearing** | June 24, 2025, at 9:30 a.m. (prevailing Central Time) |
| **Voting Record Date[3]** | June 25, 2025 |
| **Commence Solicitation** | June 26, 2025 |
| **Plan Supplement Deadline** | July 10, 2025 |
| **Voting Deadline (for all parties in interest except Fifth Third[4] and Bardstown[5])** | July 17, 2025, at 5:00 p.m. (prevailing Central Time) |
| **Objection Deadline (for all parties in interest except Fifth Third and Bardstown)** | July 17, 2025, at 5:00 p.m. (prevailing Central Time) |

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Disclosure Statement Order.

[3] The "**Voting Record Date**" is the date as of which a Holder of record entitled to vote on the Plan must have held such Claim or Interest to cast a vote to accept or reject the Plan.

[4] As used herein, "**Fifth Third**" refers to Fifth Third Bank, National Association.

[5] As used herein, "**Bardstown**" refers to The Bardstown Bourbon Company, LLC.

| Event | Date |
|---|---|
| **Debtors and SPI[6] Deadline to Respond to Fifth Third's Document Requests and Complete Production of Responsive Documents** | Rolling production to be completed not later than July 23, 2025 |
| **Debtors and SPI Deadline to Produce Expert Reports Regarding Valuation of Kentucky Owl Assets** | July 23, 2025 |
| **Debtors and SPI Deadline to Respond to Fifth Third's Interrogatories** | July 23, 2025 |
| **Fifth Third Depositions of Debtors' and SPI's Valuation Experts Regarding Kentucky Owl** | July 25, 2025 |
| **Debtors and SPI Deadline to Produce Expert Reports Regarding Valuation of Stoli USA Assets** | July 25, 2025 |
| **Fifth Third Depositions of Debtors' and SPI's Valuation Experts Regarding Stoli USA** | July 28, 2025 |
| **Fifth Third Depositions of Debtors' and SPI's Fact Witnesses (including 30(b)(6))** | July 29 through August 1, 2025 |
| **Fifth Third Deadline to Produce Valuation Expert Reports** | August 1, 2025 |
| **Debtors and SPI Depositions of Fifth Third's Valuation Experts** | August 4 through 5, 2025 |
| **Fifth Third Deadline to Produce Financial Advisor Expert Report** | August 4, 2025 |
| **Voting Deadline (Fifth Third and Bardstown only)** | August 5, 2025, at 5:00 p.m. (prevailing Central Time) |
| **Objection Deadline (Fifth Third and Bardstown only)** | August 5, 2025, at 5:00 p.m. (prevailing Central Time) |
| **Deadline to File Witness and Exhibit Lists for Combined Hearing (including Declarations to be Used at Trial)** | August 6, 2025, at 12:00 p.m. (prevailing Central Time) |

---

[6] As used herein, "**SPI**" refers to S.P.I. Spirits (Cyprus) Limited.

| Event | Date |
|---|---|
| **Debtors and SPI Deposition of Fifth Third's Financial Advisor Expert** | August 7, 2025 |
| **Deadline to File Briefs in Support of Approval of Disclosure Statement and Confirmation of Plan** | August 8, 2025 |
| **Combined Hearing** | August 11 through August 13, 2025, beginning each day at 9:30 a.m. (prevailing Central Time) |

3.      The foregoing does not restrict the Debtors, Fifth Third, or Plan Sponsor from requesting expedited intervention from the Court to resolve any discovery disputes or related issues.

4.      The foregoing does not restrict the Debtors, Fifth Third, or Plan Sponsor from issuing or conducting discovery related to the Plan or Combined Hearing of other parties. The Court will hear and determine any issues related to such other discovery in the ordinary course.

5.      As related to discovery, the foregoing amended Confirmation Schedule may be amended by written agreement of the Debtors, the Committee, the Plan Sponsor, and Fifth Third, with subsequent notice promptly filed with the Court.

6.      Depositions that occur in connection with the foregoing may be conducted through remote means, during normal business hours in the locality in which such deponent resides.

7.      For the avoidance of doubt, notwithstanding the Court's entry of this Scheduling Order, all other terms and provisions included in the Disclosure Statement Order not otherwise modified by this Scheduling Order shall remain binding, enforceable, and unchanged.

8.      All time periods set forth in this Scheduling Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9.      The terms and conditions of this Scheduling Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Scheduling Order.

11.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Scheduling Order.

**### END OF ORDER ###**

Submitted by:

Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Mary Rofaeil (TX 24119467)
Zachary C. Zahn (TX 24137675)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
mary.rofaeil@foley.com
zzahn@foley.com

-and-

Ann Marie Uetz (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

-and-

Michael J. Small (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
msmall@foley.com

**COUNSEL TO DEBTORS**
**AND DEBTORS IN POSSESSION**