Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Mary Rofaeil (TX 24119467)
Zachary C. Zahn (TX 24137675)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
mary.rofaeil@foley.com
zzahn@foley.com

Ann Marie Uetz (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

Michael J. Small (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
msmall@foley.com

**COUNSEL TO DEBTORS**
**AND DEBTORS IN POSSESSION**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Stoli Group (USA), LLC, *et al.*,[1] | § | Case No.: 24-80146-swe11 |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |

**DEBTORS' EMERGENCY MOTION FOR LEAVE**
**TO FILE SUPPLEMENTAL BRIEF**
**IN SUPPORT OF PLAN CONFIRMATION UNDER SEAL**

> **Emergency relief has been requested. Relief is requested not later than 9:00 a.m. (prevailing Central Time) on September 9, 2025. If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal identification number, are Stoli Group (USA), LLC (5602) and Kentucky Owl, LLC (3826). The Debtors' address is 135 East 57th Street, 9th Floor, New York City, New York.

Stoli Group (USA), LLC ("**Stoli USA**") and Kentucky Owl, LLC ("**KO**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby files the *Debtors' Emergency Motion for Leave to File Supplemental Brief in Support of Plan Confirmation Under Seal* (the "**Motion**"). In support of the Motion, the Debtors state as follows:

## I.
## PRELIMINARY STATEMENT

1.      As the Court knows, the confirmation hearing and related proceedings regarding the Debtors' chapter 11 plan (the "**Plan**") began on August 11, 2025, have now spanned six (6) days, and are scheduled to resume on September 9, 2025, at 9:00 a.m. (prevailing Central Time) (collectively, the "**Confirmation Proceedings**"). During the course of the Confirmation Proceedings, much of the evidence, testimony, and arguments proffered by counsel for the parties, and even raised by the Court, have focused on the valuation of certain assets that the Debtors seek to transfer to Fifth Third Bank, National Association (the "**Senior Lender**") in accordance with the terms of the Plan and governing law, in particular the need to value the transferred collateral in accordance with its highest and best use. Although the Court-mandated deadlines for submitting briefing related to the Confirmation Proceedings have now passed, in light of testimony by the Senior Lender's financial expert and questions raised by the Court, the Debtors believe that supplemental briefing on the discrete issue of valuation would be helpful and beneficial to the Court in light of the Plan's proposed transfer of certain collateral to the Senior Lender in partial satisfaction of the secured debt. Accordingly, the Debtors file this Motion and seek leave of Court to file a supplemental brief (the "**Supplemental Brief**") under seal in accordance with the Protective Order and in support of confirmation of the Debtors' chapter 11 Plan.

## II.
## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the Northern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to the entry of a final order by the Court.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The basis for the relief requested herein is section 105(a) of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**").

## III.
## BACKGROUND

### A.      Chapter 11 Cases

5.      On November 27, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby initiating the Chapter 11 Cases and creating their respective bankruptcy estates (the "**Estates**"). The Debtors remain in possession of their property and are managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. An official committee of unsecured creditors was appointed on December 23, 2024 (the "**Committee**"). [*See* Docket No. 93].

6.      Information on the Debtors and their businesses can be found in the *Declaration of Chris Caldwell in Support of First Day Motions* [Docket No. 11] (the "**First Day Declaration**"), incorporated herein by reference.

### B.      Protective Orders

7.      On December 26, 2024, in connection with ongoing discovery, the Debtors and their secured lender, Fifth Third Bank, National Association (the "**Lender**"), filed an *Emergency*

*Joint Motion for Entry of an Order Approving the Agreed Protective Order Between Stoli Group (USA), LLC, Kentucky Owl, LLC and Fifth Third Bank, National Association* [Docket No. 104] (the "**Motion for Protective Order**"), thereby seeking entry of an agreed protective order to implement certain processes and procedures to ensure that confidential, privileged, and/or proprietary information exchanged between the Debtors and the Lender during discovery is protected from public dissemination.

8.      On December 31, 2024, the Court granted the Motion for Protective Order and entered the *Agreed Protective Order* [Docket No. 120], which was later amended to include the Committee [Docket No. 150], and further amended to include The Bardstown Bourbon Company, LLC ("**Bardstown**") [Docket No. 698] (the "**Protective Order**").

9.      In accordance with the Protective Order, the Debtors, the Lender, the Committee, and Bardstown (collectively, the "**Parties**") are required to keep documents containing Confidential Information and Highly Confidential Information exchanged during discovery confidential but may disclose such documents "to the Court and its personnel, subject to the requirements of filing under seal as set forth" in the Protective Order. [Protective Order, at ¶ 2]. Moreover, the Protective Order provides that if the Parties wish "to submit Confidential Information or Highly Confidential Information to the Court, the submission must be filed only under seal on CM/ECF if filed electronically." [Protective Order, at ¶ 15]. And if the Parties seek to file documents under seal pursuant to the Protective Order, the filing party must "comply with the requirements of all applicable rules, including any applicable local rules." [Protective Order, at ¶ 15]. Finally, pursuant to the Protective Order, the "Court may take such measures, as it deems appropriate, to protect the claimed confidential nature of the document or information sought to

be admitted and to protect" such documents and information from disclosure. [Protective Order, at ¶ 15].

## C.     Briefing Schedule for Confirmation Proceedings

10.     On June 24, 2025, the Court entered its *Order Conditionally Approving the Disclosure Statement and Establishing Related Deadlines* [Docket No. 577] (the "**Disclosure Statement Order**").[2] Among other things, the Disclosure Statement Order (a) conditionally approved the Debtors' Disclosure Statement, (b) approved certain Solicitation Procedures related to the Plan, (c) established deadlines for voting and objections regarding the Disclosure Statement and confirmation of the Plan, (d) approved notices related to the Plan, including the Combined Notice, Ballot, Opt-Out Form, Notice of Non-Voting Status, Opt-In Form, Cover Letter, and Committee Letter, and (e) implemented certain deadlines for discovery, expert disclosures, depositions, and briefing related to the Confirmation Proceedings to be held in connection with the Disclosure Statement and Plan.

11.     On July 18, 2025, the Court entered its *Order Amending Confirmation Schedule* [Docket No. 672] (the "**Scheduling Order**"), which modified certain deadlines and procedures leading up to the Confirmation proceedings, including deadlines for discovery, expert disclosures, depositions, and briefing.

12.     Under the Scheduling Order, the Debtors were required to submit briefing in support of final approval of the Disclosure Statement and confirmation of the Plan by no later than August 8, 2025 (the "**Briefing Deadline**").

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed in the Disclosure Statement Order or the Scheduling Order, as applicable.

13.     On August 8, 2025, in accordance with the Briefing Deadline imposed by the
Scheduling order, the Debtors filed (a) the *Debtors' Memorandum of Law in Support of (I) Final
Approval of the First Amended Disclosure Statement Relating to the First Amended Joint Chapter
11 Plan of Reorganization of the Debtors and the Plan Sponsor; and (II) Confirmation of the First
Amended Joint Chapter 11 Plan of Reorganization of the Debtors and the Plan Sponsor* [Docket
No. 750] (the "**Confirmation Brief**") and (b) the *Debtors' Ancillary Memorandum of Law in
Support of the Plan's Treatment of the Secured Claims of Fifth Third Bank, National Association
and The Bardstown Bourbon Company, LLC* [Docket No. 751] (the "**Ancillary Brief**" and
collectively with the Confirmation Brief, the "**Confirmation Briefs**").

14.     Pursuant to the Scheduling Order, the Confirmation Proceedings commenced on
August 11, 2025, remain ongoing, and are set to resume on September 9, 2025, at 9:00 a.m.
(prevailing Central Time). And in accordance with the Protective Order, certain of the
Confirmation Proceedings have been conducted under seal with limited public access.

## IV.
## RELIEF REQUESTED

15.     During the course of the Confirmation Proceedings, significant legal issues have
emerged in the presentation of evidence and argument, specifically related to the Plan's proposed
treatment of the Senior Lender and the Court's valuation of certain assets to be transferred to the
Senior Lender under the Plan. To aid the Court in analyzing and assessing those legal issues, the
Debtors believe that targeted supplemental briefing, in the form of the Debtors' proposed
Supplemental Brief, will materially aid the Court in assessing the value of the transferred assets
and analyzing the Plan's compliance with the applicable requirements of the Bankruptcy Code.
And because the Debtors' Supplemental Brief includes references to testimony and evidence that
was adduced during sealed portions of the Confirmation Proceedings, the Debtors seek permission

to file the Supplemental Brief under seal in accordance with the Protective Order. Thus, by this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (a) authorizing the Debtors to file the Supplemental Brief under seal in accordance with the Protective Order and (b) granting related relief.

**V.**
**BASIS FOR RELIEF**

16.     Section 105(a) of the Bankruptcy Code provides that "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Inherent in this broad, equitable authority is the power to "control its own docket." *In re American Capital Equipment, LLC*, 688 F.3d 145, 154 (3d Cir. 2012) (citing *In re Kehn Ranch, Inc.*, 41 B.R. 832, 832–33 (Bankr. S.D. 1984)); *King Louie Mining, LLC v. Comu* (*In re Comu*), 2014 Bankr. LEXIS 2969, *269-270 (noting that it is "well established" that orders issued pursuant to Section 105 "enable bankruptcy courts to maintain control of their courtrooms and of their dockets."). Operating in conjunction with this broad equitable authority, the Court may, per Bankruptcy Rule 9006(b)(1)(a), "extend the time to act if … a request to extend is made before the period [to file a pleading] expires." FED. R. BANKR. P. 9006(b)(1)(A). Accordingly, a court may, under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9006(b), extend the time period by which a debtor may file a pleading, in order to serve the goals of and compliance with the Bankruptcy Code.

17.     Here, the Court is well within its power to grant the requested relief. Indeed, the Court's prior orders, including the Disclosure Statement Order and Scheduling Order, contemplated flexibility in scheduling and expressly recognized the possibility of further modifications or filings in aid of confirmation. Thus, allowing the Debtors to file the Supplemental Brief is consistent with that framework and will not prejudice any party in interest.

18.     Moreover, the Debtors submit that good cause exists to permit the filing of the Supplemental Brief because: (a) certain discrete legal issues have arisen during the course of the Confirmation Proceedings and the Supplemental Brief will provide the Court with focused legal analysis on contested issues that go to the core of confirmation of the Plan; and (b) no party will be prejudiced, as the Court may allow any other parties to address the arguments and issues raised in the Debtors' Supplemental Brief.

19.     Overall, the purpose of the Supplemental Brief is to aid the Court and to help facilitate the confirmation process and the as-intended operation of the Bankruptcy Code's provisions, which the Supplemental Brief accomplishes by squarely addressing certain legal issues surrounding the Plan and, in particular, the transfer of certain collateral to the Senior Lender under the Plan, and presenting those legal issues in a way that assists the Court in making an informed decision. Granting the leave requested in this Motion will effectuate the provisions of the Bankruptcy Code and is thus both necessary and appropriate. As an exercise of the Court's inherent power to control its docket, the relief requested via this Motion falls squarely within the customary range of relief granted by a bankruptcy court. And importantly, the relief granted is expressly permitted by Bankruptcy Rule 9006.

20.     For all of the reasons stated herein, the Debtors respectfully request that the Court grant the Motion and grant the Debtors leave to file the Supplemental Brief.

## VI.
## NOTICE

21.     This Motion has been provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) the Debtors' secured lender and counsel to the Debtors' secured lender; (iii) the Committee and counsel for the Committee; (iv) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (v) the Internal Revenue Service;

and (vi) all parties in interest who have formally appeared and requested notice. The Debtors respectfully submit that no further notice of this Motion is required.

22.     The pleadings in these Chapter 11 Cases and supporting papers are available on the Debtors' website at https://cases.stretto.com/Stoli or on the Bankruptcy Court's website at https://ecf.txnb.uscourts.gov/. You can request any pleading you need from (i) the noticing agent at: Stretto, 410 Exchange, Suite 100, Irvine, CA 92602, 855-469-2598 (toll-free), (TeamStoli@stretto.com) or (ii) counsel for the Debtors at: Foley & Lardner LLP, c/o Stephen A. Jones, 2021 McKinney Avenue, Suite 1600, Dallas, Texas 75201 (sajones@foley.com).

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A,** granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

[*Signature Page to Follow*]

DATED: September 4, 2025

Respectfully submitted by:

*/s/ Holland N. O'Neil*
Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Mary Rofaeil (TX 24119467)
Zachary C. Zahn (TX 24137675)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
mary.rofaeil@foley.com
zzahn@foley.com

-and-

Ann Marie Uetz (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

-and-

Michael J. Small (admitted *pro hac vic*e)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
msmall@foley.com

**COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 4, 2025, a true and correct copy of the foregoing document was served electronically by the Court's PACER system.

*/s/ Stephen A. Jones*
Stephen A. Jones