

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed October 8, 2025**

_____
**United States Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | Chapter 11 |
| Stoli Group (USA), LLC, *et al.*,[1] | § § § | Case No.: 24-80146-swe11 |
| Debtors. | § § § | (Jointly Administered) |

**ELEVENTH STIPULATION AND AGREED ORDER REGARDING
THE FINAL ORDER AUTHORIZING DEBTORS' USE OF CASH
COLLATERAL AND GRANTING ADEQUATE PROTECTION TO
FIFTH THIRD BANK, NATIONAL ASSOCIATION
AND RELATED RELIEF
[DOCKET NO. 188]**

This stipulation and agreed order (the "**Eleventh Stipulation and Agreed Order**") is made by and between Stoli Group (USA), LLC ("**Stoli USA**") and Kentucky Owl, LLC ("**Kentucky Owl**"), as debtors and debtors in possession (collectively, the "**Debtors**") in the above-captioned

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal identification number, are Stoli Group (USA), LLC (5602) and Kentucky Owl, LLC (3826). The Debtors' address is 135 East 57th Street, 9th Floor, New York City, New York.

chapter 11 cases (the "**Chapter 11 Cases**") and Fifth Third Bank, National Association (the "**Lender**").

## RECITALS

A. On November 27, 2024 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Court**"), thereby initiating the Chapter 11 Cases and creating their respective bankruptcy estates.

B. On November 29, 2024, the Debtors filed the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral; (II) Granting Adequate Protection; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing; and (V) Granting Related Relief* [Docket No. 10] (the "**Cash Collateral Motion**"). As of the Petition Date, the Debtors were borrowers under certain Prepetition Loan Documents (as defined in the Cash Collateral Motion) with the Lender.

C. On December 3, 2024, the Court entered the *Interim Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 38] (the "**First Interim Order**").

D. On December 31, 2024, the Court entered the *Second Interim Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 124] (the "**Second Interim Order**").

E. On January 17, 2025, the Court entered the *Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association*

2

[Docket No. 188] (as amended to date, the "**Final Cash Collateral Order**," and collectively with the First Interim Order and Second Interim Order, the "**Cash Collateral Orders**").[2]

F. On March 6, 2025, the *Debtors filed the Debtors' Emergency Motion for Entry of an Order (I) Modifying the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association and (II) Granting Related Relief* [Docket No. 273] (the "**Second Cash Collateral Motion**"), thereby seeking to modify certain terms and conditions contained in the Final Cash Collateral Order.

G. On March 7, 2025, the Court held a hearing on the Second Cash Collateral Motion. At the hearing, (1) the Court heard the statements and arguments in support of and in opposition to the relief requested in the Second Cash Collateral Motion, and (2) counsel for the Debtors, the Lender, and the Committee announced an agreement regarding the Second Cash Collateral Motion and certain modifications to the Final Cash Collateral Order. Thereafter, on March 12, 2025, the Court entered the *Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 291] (the "**First Stipulation and Agreed Order**"), which implemented such agreement.

H. On March 29, 2025, the Debtors filed their *Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Continue Use of Cash Collateral and (II) Granting Related Relief* [Docket No. 303] (the "**Third Cash Collateral Motion**"), seeking to continue use of Cash Collateral after the Termination Date of the Final Cash Collateral Order.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Final Cash Collateral Order.

I. On April 1-2, 2025, the Court held a hearing on the Third Cash Collateral Motion. At the hearing, (1) the Court heard the statements and arguments in support of and in opposition to the relief requested in the Third Cash Collateral Motion, and related matters, and (2) counsel for the Debtors, the Lender, and the Committee announced an agreement regarding the Third Cash Collateral Motion and certain modifications to the Final Cash Collateral Order. On April 4, 2025, the Court entered that certain *Second Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 339] (the "**Second Stipulation and Agreed Order**"), which implemented such agreement.

J. On April 18, 2025, the Debtors filed their *Emergency Motion for Entry of an Order (I) Authorizing the Debtors to Continue Use of Cash Collateral and (II) Granting Related Relief* [Docket No. 364] (the "**Fourth Cash Collateral Motion**"), seeking to continue use of Cash Collateral after the Termination Date under the Final Cash Collateral Order (as amended by the First Stipulation and Agreed Order and the Second Stipulation and Agreed Order).

K. To try to avoid costs associated with a contested hearing related to the Fourth Cash Collateral Motion and other proceedings set to be heard on April 29, 2025, the Debtors, the Lender, and the Committee (collectively, the "**Case Parties**") agreed to continue the Fourth Cash Collateral Motion and other proceedings to May 13, 2025.

L. Memorializing the Case Parties' agreement, on April 29, 2025, the Court entered that certain *Third Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 388] (the "**Third Stipulation and Agreed Order**").

4

M. To try to avoid costs associated with a contested hearing related to the Fourth Cash Collateral Motion and other proceedings set to be heard on May 13, 2025, the Case Parties agreed to continue the Fourth Cash Collateral Motion and other proceedings to May 27, 2025.

N. Memorializing the Case Parties' agreement, on May 12, 2025, the Court entered that certain *Fourth Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 411] (the "**Fourth Stipulation and Agreed Order**").

O. To try to avoid costs associated with a contested hearing related to the Fourth Cash Collateral Motion and other proceedings set to be heard on May 27, 2025, the Case Parties agreed to continue the Fourth Cash Collateral Motion and other proceedings to June 10, 2025.

P. Memorializing the Case Parties' agreement, on May 27, 2025, the Court entered that certain *Fifth Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 463] (the "**Fifth Stipulation and Agreed Order**").

Q. Pursuant to a subsequent agreement amongst the Case Parties, the Fourth Cash Collateral Motion and other proceedings were continued to June 16, 2025.

R. On June 16-18, 2025, the Court held a hearing on the Fourth Cash Collateral Motion and other proceedings. At the hearing, the Case Parties reached an agreement in respect of the Fourth Cash Collateral Motion, the Lender's motion for the appointment of a chapter 11 trustee for Kentucky Owl and Stoli USA [Docket Nos. 327, 376, 516] and other proceedings and matters.

S. Memorializing the Case Parties' agreement, on June 18, 2025, the Court entered that certain *Sixth Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors'*

*Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 554] (the "**Sixth Stipulation and Agreed Order**").

T.     To try to avoid costs associated with a contested hearing related to the Fourth Cash Collateral Motion set to be heard on July 2, 2025, the Case Parties agreed to continue the Fourth Cash Collateral Motion and other proceedings to July 16, 2025.

U.     Memorializing the Case Parties' agreement, on July 3, 2025, the Court entered that certain *Seventh Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 620] (the "**Seventh Stipulation and Agreed Order**").

V.     To try to avoid costs associated with a contested hearing related to the Fourth Cash Collateral Motion set to be heard on July 16, 2025, the Debtors and the Lender agreed to, and on July 16, 2025, the Court entered, that certain *Eighth Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 670] (the "**Eighth Stipulation and Agreed Order**").

W.     To try to avoid costs associated with a contested hearing related to the Fourth Cash Collateral Motion set to be heard on August 29, 2025, the Debtors and the Lender agreed to, and on August 30, 2025, the Court entered, that certain *Ninth Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 859] (the "**Ninth Stipulation and Agreed Order**").

X.     To try to avoid costs associated with a contested hearing related to the Fourth Cash Collateral Motion, the Debtors and the Lender agreed to, and on September 17, 2025, the Court

entered, that certain *Tenth Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association* [Docket No. 910] (the "**Tenth Stipulation and Agreed Order**").

Y.   To try to avoid costs associated with a contested hearing related to the Fourth Cash Collateral Motion, the Debtors and the Lender have agreed to the entry of this Eleventh Stipulation and Agreed Order.

Z.   Having reviewed this Eleventh Stipulation and Agreed Order, relevant pleadings, the evidence, and the agreement of counsel for the Debtors and the Lender reflected in this Eleventh Stipulation and Agreed Order, the Court finds that cause exists to approve, grant, and enter this Eleventh Stipulation and Agreed Order.

**NOW, THEREFORE**, in consideration of the Recitals and findings set forth above, which are incorporated herein by this reference, the Debtors and the Lender hereby stipulate and agree, and the Court **ORDERS**, as follows:

1.   The Budget attached as the exhibit to the Final Cash Collateral Order is hereby supplemented with the budget attached hereto as Exhibit A.

2.   As of the date hereof, the "On the Water Schedule" referenced in the Second Stipulation and Agreed Order shall be the combination of the reports delivered by the Debtors to the Lender on October 3, 2025, related to warehouse and direct shipments of inventory.

3.   Paragraph 6 of the Final Cash Collateral Order is hereby amended to replace the date "October 3, 2025" with "October 24, 2025".

4.   Paragraph 11 of the Final Cash Collateral Order is hereby amended to add the following sentence to the end of such paragraph:

> "Notwithstanding anything to the contrary contained herein, it shall be an immediate Event of Default if the Debtors and Plan Sponsor, jointly, fail to deliver

7

to Lender a detailed, written term sheet containing proposed terms of an amended joint plan of reorganization by 12:00 PM (CT) on October 13, 2025."

5. Paragraph 13 of the Final Cash Collateral Order is hereby amended to replace the date "September 30, 2025" with "October 24, 2025".

6. Notwithstanding the provisions of Paragraph 6 of the Seventh Stipulation and Agreed Order to the contrary, not later than Friday of each week through the Termination Date, the Debtors shall deposit into Kentucky Owl's collection account at Lender an amount of Cash Collateral equal to the amount of Professional Fees set forth in the Budget attached to the Seventh Stipulation and Agreed Order, Ninth Stipulation and Agreed Order, Tenth Stipulation and Agreed Order, and Eleventh Stipulation and Agreed Order for such week. Such deposits shall remain in such account pending further order of this Court, with all Case Parties' rights, claims, liens, and interests in such Cash Collateral expressly preserved and reserved.

7. For the avoidance of doubt, all terms and provisions included in the Final Cash Collateral Order, First Stipulation and Agreed Order, Second Stipulation and Agreed Order, Third Stipulation and Agreed Order, Fourth Stipulation and Agreed Order, Fifth Stipulation and Agreed Order, Sixth Stipulation and Agreed Order, Seventh Stipulation and Agreed Order, Eighth Stipulation and Agreed Order, Ninth Stipulation and Agreed Order, and Tenth Stipulation and Agreed Order not modified by or expressly subject to the terms of this Eleventh Stipulation and Agreed Order, shall remain binding, enforceable, and unchanged.

8. The Debtors and the Lender are authorized to execute and deliver any documents and take such other actions as may be necessary or appropriate to implement and effectuate the relief granted by this Eleventh Stipulation and Agreed Order.

9. The terms and conditions of this Eleventh Stipulation and Agreed Order shall be immediately effective and enforceable upon its entry.

10.  This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Eleventh Stipulation and Agreed Order and the matters that are the subject hereof.

### ###END OF ORDER###

**Approved, Stipulated, and Agreed:**

/s/ Holland N. O'Neil
Holland N. O'Neil (TX 14864700)
Stephen A. Jones (TX 24101270)
Mary Rofaeil (TX 24119467)
Zachary C. Zahn (TX 24137675)
**FOLEY & LARDNER LLP**
2021 McKinney Avenue, Suite 1600
Dallas, TX 75201
Telephone: (214) 999-3000
Facsimile: (214) 999-4667
honeil@foley.com
sajones@foley.com
mary.rofaeil@foley.com
zzahn@foley.com

-and-

Ann Marie Uetz (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
500 Woodward Avenue, Suite 2700
Detroit, MI 48226-3489
Telephone: (313) 234-7100
Facsimile: (313) 234-2800
auetz@foley.com

-and-

Michael J. Small (admitted *pro hac vice*)
**FOLEY & LARDNER LLP**
321 North Clark Street, Suite 3000
Chicago, IL 60654-4762
Telephone: (312) 832-4500
Facsimile: (312) 832-4700
msmall@foley.com

**COUNSEL TO DEBTORS
AND DEBTORS IN POSSESSION**

/s/ Steven J. Wickman
Brent McIlwain
Texas Bar No. 24013140
Christopher A. Bailey
Texas Bar No. 24104598
**HOLLAND & KNIGHT LLP**
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700
brent.mcilwain@hklaw.com
chris.bailey@hklaw.com

 -and-

Jeremy M. Downs (*admitted pro hac vice*)
Illinois Bar No. 6272155
Steven J. Wickman (*admitted pro hac vice)*
Illinois Bar No. 6342929
**GOLDBERG KOHN LTD.**
55 East Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: 312.201.4000
jeremy.downs@goldbergkohn.com
steven.wickman@goldbergkohn.com

**ATTORNEYS FOR FIFTH THIRD BANK,
NATIONAL ASSOCIATION**

# **<u>Exhibit A</u>**

| Stoli USA<br>**Weekly Cash Flow Summary**<br>USD in (000's) | **1**<br>2025<br>W.E<br>**10/10/2025**<br>Forecast | **2**<br>2025<br>W.E<br>**10/17/2025**<br>Forecast | **3**<br>2025<br>W.E<br>**10/24/2025**<br>Forecast | Totals<br>**10/10/2025**<br>To<br>**10/24/2025** |
|---|---:|---:|---:|---:|
| **Sales** | **1,743** | **1,743** | **1,743** | **5,228** |
| **Operating Cash Flows:** | | | | |
| Total Collections | 1,943 | 2,044 | 1,753 | 5,740 |
| Excise Tax Return | - | - | - | - |
| **Total Operating Receipts** | **1,943** | **2,044** | **1,753** | **5,740** |
| **Disbursements - Personnel and Benefits:** | | | | |
| Wages & Salary | - | 280 | - | 280 |
| Employee Benefits | - | 25 | - | 25 |
| **Total Personnel and Benefits** | **-** | **305** | **-** | **305** |
| **Disbursements - COGS and Operating Expense:** | | | | |
| *Inventory Receipts (For Reference Only)* | *852* | *852* | *852* | *2,555* |
| Production - Inventory, Etc. | 610 | 840 | 600 | 2,050 |
| Production - Affiliates | 150 | 150 | 150 | 450 |
| Marketing | - | 100 | 50 | 150 |
| Tax | 447 | 134 | 159 | 740 |
| Logistics Suppliers | 75 | 135 | 75 | 285 |
| Broker & Distributors | - | 30 | - | 30 |
| Travel & Employee Reimbursements | - | 30 | - | 30 |
| Office Supplies & IT | - | - | - | - |
| Professional Fees | 250 | 250 | 250 | 750 |
| Insurance | - | - | - | - |
| Office rent | - | - | - | - |
| Other SG&A | 100 | 75 | 175 | 350 |
| Risk Contingency | 50 | 50 | 50 | 150 |
| Prepetition Payments/Critical Vendors | - | - | - | - |
| **Total COGS and Operating Expense** | **1,682** | **1,794** | **1,509** | **4,985** |
| **Total Operating Disbursements** | **1,682** | **2,099** | **1,509** | **5,290** |
| **Cash Flows from (used in) Operations** | **261** | **(55)** | **244** | **449** |
| **Financing & Other Cash Flows:** | | | | |
| Debt Service | - | - | - | - |
| Professional Fees - Lender | - | - | - | - |
| Financing (Source) | - | - | - | - |
| **Cash Flows from (source) Financing Activities** | **-** | **-** | **-** | **-** |
| **Beginning Cash** | **51** | **312** | **257** | **51** |
| Net Cash Flow | 261 | (55) | 244 | 449 |
| **Ending Cash** | **312** | **257** | **500** | **500** |