Brent R. McIlwain
Texas Bar No. 24013140
Christopher A. Bailey
Texas Bar No. 24104598
HOLLAND & KNIGHT LLP
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: 214.969.1700
E-Mail: brent.mcilwain@hklaw.com
          chris.bailey@hklaw.com

Jeremy M. Downs (admitted *pro hac vice*)
Illinois Bar No. 6272155
Steven J. Wickman (admitted *pro hac vice*)
Illinois Bar No. 6342929
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, IL 60603
Telephone: 312.201.4000
Email: jeremy.downs@goldbergkohn.com
          steven.wickman@goldbergkohn.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| In re:<br><br>Stoli Group (USA), LLC, *et al.*,[1]<br><br>Debtors. | § § § § § § § § | Chapter 11<br><br>Case No.: 24-80146-swe11<br><br>(Jointly Administered) |

**FIFTH THIRD BANK, NATIONAL ASSOCIATION'S EMERGENCY MOTION FOR ENTRY OF AN ORDER REQUIRING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO SHOW CAUSE**

> **Emergency relief has been requested. Relief is requested not later than 9:30 a.m. (prevailing Central Time) on March 12, 2026.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

Fifth Third Bank, National Association, as senior secured lender (the "Lender"),[2] by its undersigned counsel, pursuant to Federal Rules of Bankruptcy Procedure 9014 and 9020, hereby files this motion (this "Motion") for entry of an order requiring the Committee to show cause why

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal identification number, are Stoli Group (USA), LLC (5602) ("Stoli USA") and Kentucky Owl, LLC (3826) ("Kentucky Owl").

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to such terms in the *Seventeenth Stipulation and Agreed Order Regarding the Final Order Authorizing Debtors' Use of Cash Collateral and Granting Adequate Protection to Fifth Third Bank, National Association and Related Relief* (Docket No. 1122, the "Seventeenth Stipulation and Agreed Order").

5591.0199

Case 24-80146-swe11    Doc 1187    Filed 03/10/26    Entered 03/10/26 17:29:10    Desc
Main Document    Page 2 of 11

it did not violate the Seventeenth Stipulation and Agreed Order and, in connection therewith, Lender objects to *The Official Committee of Unsecured Creditors' Request for Election of Chapter 11 Trustees for Each of Stoli Group (USA), LLC and Kentucky Owl, LLC* filed on March 6, 2026 (Docket No. 1180, the "Election Request").  In support, Lender respectfully states as follows:

1. Paragraph 7 of the Seventeenth Stipulation and Agreed Order provides:

> Additionally upon entry of this Seventeenth Stipulation and Agreed Order, (i) any objections of the Committee and Debtors to the Trustee Motion, including without limitation the Committee's objection filed at Docket No. 1076 and the reservation of rights filed by the Debtor at Docket No. 1074, are deemed withdrawn and the Debtors and Committee consent to appointment of Chapter 11 trustee(s) for the Debtors; **(ii) to the extent the Trustee Motion is granted, the Debtors and Committee consent to Lender's suggestions of such trustee(s) to the Office of the United States Trustee,** *provided* **that such selection and retention shall be otherwise consistent with the Bankruptcy Code and obtain all approvals required thereby, and the scope of duties of any such trustee(s) shall in no way restrict, diminish or be inconsistent with that of the Stoli GUC Ombudsman and such trustee(s) shall in all respects be bound by this Order.**

Seventeenth Stipulation and Agreed Order ¶ 7.

2. Lender suggested both Claudia Springer ("Springer") and Bill Patterson ("Patterson") to serve as chapter 11 trustees for Kentucky Owl and Stoli USA, respectively.

3. Springer and Patterson were later appointed by the United States Trustee and approved by the Court to serve as chapter 11 trustees for Kentucky Owl and Stoli USA, respectively.

4. On March 6, 2026, the Committee filed the Election Request, asking the Court to order the United States Trustee to convene a meeting of creditors to elect replacement trustees, in violation of and contrary to Paragraph 7 of the Seventeenth Stipulation and Agreed Order.

5. The Election Request represents the Committee's impermissible attempt to revoke and subvert its consent to Springer and Patterson's appointments as chapter 11 trustees.

2

6. That attempt is procedurally flawed, because the Committee did not properly request a trustee election pursuant to 11 U.S.C. § 1104(b)(1), which provides "on the request of a party in interest made not later than 30 days after the court orders the appointment of a trustee under subsection (a), the United States trustee shall convene a meeting of creditors for the purpose of electing one disinterested person to serve as trustee in the case." Instead of asking the Court to direct the United States Trustee to convene an election, the Committee should have submitted its request directly to the United States Trustee. 5 *Collier Bankruptcy Practice Guide* ¶ 85.07[1] (Richard Levin & Henry J. Sommer eds., 2025). With the Election Request, the Committee erroneously inserted an additional procedural step: seeking relief from the Court in order to commence the election process. On this basis alone, the Court should find that the Election Request does not satisfy the requirements of 11 U.S.C. § 1104(b)(1) for purposes of triggering a mandatory election meeting by the United States Trustee.

7. Whether or not the Committee made a procedurally proper request under 11 U.S.C. § 1104(b)(1), the Election Request still violated the terms of the Seventeenth Stipulation and Agreed Order.

I. **Kentucky Owl's Chapter 11 Trustee**

8. Springer has not joined the United States Trustee's appeal of the Seventeenth Stipulation and Agreed Order and the *Order Directing Appointment of Chapter 11 Trustees* (Docket No. 1123, the "Trustee Appointment Order").

9. Springer did not join the *Chapter 11 Trustee's Motion for Reconsideration of Stipulation and Agreed Order* (Docket No. 1146, the "Reconsideration Motion") filed by Patterson, which was withdrawn on March 9, 2026 (Docket No. 1185, the "Reconsideration Withdrawal")

3

10. Neither this Court's order approving Springer's appointment as chapter 11 trustee of Kentucky Owl nor the United States Trustee's appointment of Springer purports to establish a scope of duties that, in any way, "restrict[s], diminish[es] or [is] inconsistent with that of the Stoli GUC Ombudsman." Springer's role in the Kentucky Owl case has very little, if anything, to do with the Stoli GUC Ombudsman.

11. Springer remains fully bound by and in compliance with the Seventeenth Stipulation and Agreed Order.

12. The Committee was and remains without any basis to file the Election Request and attempt to replace Springer.

13. The Committee's consent to Springer's appointment (as a candidate suggested by the Lender) was a fundamental term of the broad resolution represented by the Seventeenth Stipulation and Agreed Order. The Lender has relied on that provision, and the Committee's professionals have already been paid hundreds of thousands of dollars from the Lender's Collateral on the basis of such stipulation.

14. Lender respectfully requests that the Court find that the Election Request was improperly filed and, therefore, the United States Trustee is not required to proceed with a meeting of creditors to conduct an election pursuant to the Election Request. The Court "shall resolve any dispute arising out of an election" under 11 U.S.C. § 1104(b)(2)(A). 11 U.S.C. § 1104(b)(2)(C). Respectfully, the Court should not permit an election to proceed only to later find that it was improperly initiated. The Court can and should rule that no such election should proceed based upon the Election Request.

15. Lender respectfully requests that the Court order the Committee to reimburse the Lenders and Springer's costs and expenses incurred in responding to the Election Request (including, without limitation, this proceeding) and otherwise defending Springer's appointment.

16. If Springer is replaced as chapter 11 trustee of Kentucky Owl at an election conducted by the United States Trustee on account of the Election Request, Lender respectfully requests that the Court impose penalties and sanctions against the Committee, which should include, at a minimum, the Committee's loss of the 20% carve out payments from Lender's Cash Collateral owned by Kentucky Owl under Paragraph 4(b) of the Seventeenth Stipulation and Agreed Order.

## II. Stoli USA's Chapter 11 Trustee

17. Patterson has not joined the United States Trustee's appeal of the Seventeenth Stipulation and Agreed Order and Trustee Appointment Order.

18. Patterson filed the Reconsideration Motion, which was set to be heard on March 31, 2026. However, Patterson filed the Reconsideration Withdrawal on March 9, 2026, after Patterson and the Committee worked for weeks to try to resolve it and clarify various disputes between them.

19. Patterson continues to be bound by the existing terms of the Seventeenth Stipulation and Agreed Order. He clearly acknowledges this: Patterson has already distributed $1,053,502.00 of Cash Collateral to the Committee's professionals and other Stoli USA professionals on account of the 20% carve out payments under Paragraph 4(b) of the Sixteenth Stipulation and Agreed Order, bringing the amount paid to the Committee's professionals and other estate professionals to $1,499,260.20 since the Court ordered appointment of chapter 11 trustees.

5

20. The Committee can identify no term of Patterson's appointment by the United States Trustee or the Court's order approving such appointment that purports to give him duties that "restrict, diminish or [are] inconsistent with that of the Stoli GUC Ombudsman" under the Seventeenth Stipulation and Agreed Order.

21. Similarly, no action that Patterson has taken (including, without limitation, filing the Reconsideration Motion) has "restrict[ed], diminish[ed] or [been] inconsistent" with the Stoli GUC Ombudsman's authority or otherwise does not comply with the Seventeenth Stipulation and Agreed Order. The Reconsideration Motion was by its very nature a recognition of the Stoli GUC Ombudsman's authority and the binding terms of the Seventeenth Stipulation and Agreed Order.

22. In ruling on the Seventeenth Stipulation and Agreed Order, which expressly incorporates the Court's ruling on the record, the Court clearly identified Patterson's right to move for reconsideration (as appropriate). In this way, the possibility of a Reconsideration Motion was expressly taken into account when the Committee consented to Patterson's appointment through the Seventeenth Stipulation and Agreed Order.

23. As a result, the Committee knowingly and clearly compromised its right to challenge Patterson's (like Springer's) appointment even if he sought reconsideration, in exchange for the payments and other relief provided in the Seventeenth Stipulation and Agreed Order. The Election Request is a blatant attempt to reap the benefits of the Seventeenth Stipulation and Agreed Order but avoid its burdens.

24. Lender respectfully requests that the Court find that the Election Request was improperly filed and, therefore, the United States Trustee is not required to proceed with a meeting of creditors to conduct an election pursuant to the Election Request. The Court "shall resolve any dispute arising out of an election" under 11 U.S.C. § 1104(b)(2)(A). 11 U.S.C. § 1104(b)(2)(C).

6

Respectfully, the Court should not permit an election to proceed only to later find that it was improperly initiated. The Court can and should rule that no such election should proceed based upon the Election Request.

25. Lender respectfully requests that the Court order the Committee to reimburse the Lenders and Patterson's costs and expenses incurred in responding to the Election Request (including, without limitation, this proceeding) and otherwise defending Patterson's appointment.

26. If Patterson is replaced as chapter 11 trustee of Stoli USA at an election conducted by the United States Trustee on account of the Election Request, Lender respectfully requests that the Court impose penalties and sanctions against the Committee, which should include, at a minimum, (i) the loss of the 20% carve out payments from Lender's Cash Collateral owned by Stoli USA under Paragraphs 4(b) and (d) of the Sixteenth Stipulation and Agreed Order for both the Committee's professionals and the Stoli GUC Escrow, (ii) requiring the Committee to return all payments made on account of the Committee's professional fees and expenses under Paragraph 4(b) of the Sixteenth Stipulation and Agreed Order, and (iii) eliminating any and all relief in favor of the Committee under the Seventeenth Stipulation and Agreed Order, including but not limited to the removal of provisions in the Seventeenth Stipulation and Agreed Order concerning the Stoli GUC Escrow and Stoli Grantor Trust.

## **BASIS FOR EMERGENCY HEARING**

27. Emergency consideration of the relief requested herein is appropriate because, due to the filing of the Committee's Election Request, based on recent discussions among the parties, Lender understands that the United States Trustee may organize a meeting of creditors to conduct an election to replace the chapter 11 trustees without delay – even if the Committee were to withdraw its Election Request in the interim. Only if the Court expeditiously finds that the Election

7

Request was procedurally or substantively improper, can the most significant consequences of the Committee's actions (i.e., the commencement of an election process that may replace Springer or Patterson) be avoided. Once that time-sensitive issue is addressed, only Lender's requests for reimbursement of fees and costs incurred by the Lender and the chapter 11 trustees would remain for determination.

## **PRAYER FOR RELIEF AND RESERVATION OF RIGHTS**

28.     Lender respectfully requests that the Court deny the Election Request as procedurally improper and, therefore, find that no timely request has been made under 11 U.S.C. § 1104(b)(1) in these Chapter 11 Cases.

29.     Lender respectfully requests that the Court enter an order requiring the Committee to show cause why it should not be held in contempt for violating the Seventeenth Stipulation and Agreed Order.

30.     Lender respectfully requests that the Court impose the penalties and sanctions described above, and order such other or further relief that the Court deems appropriate under the circumstances.

31.     Finally, Lender respectfully requests that the Court order the Committee to reimburse parties' costs and expenses incurred in responding to the Election Request (including, without limitation, this proceeding) and defending Springer's and Patterson's appointments.

32.     Lender reserves its rights to file additional support, affidavits and exhibits, and identify additional factual and legal support and conduct discovery, in support of the Motion.

Dated: March 10, 2026
   Dallas, Texas

Respectfully Submitted,

By: */s/ Christopher A. Bailey*
Brent R. McIlwain
Christopher A. Bailey
HOLLAND & KNIGHT, LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
(214) 964-9481
brent.mcilwain@hklaw.com
chris.bailey@hklaw.com

- and -

Jeremy M. Downs
Steven J. Wickman
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, IL 60603
(312) 201-4000
jeremy.downs@goldbergkohn.com
steven.wickman@goldbergkohn.com

*Counsel to Fifth Third Bank, National Association*

9

## CERTIFICATE OF CONFERENCE

    The undersigned certifies that counsel for the Lender and the Committee have conferenced (by phone and email) concerning this Motion and, despite best efforts to date, have not been able to resolve the matters presented herein. Given the emergency nature of the relief requested, further delay in the filing of this Motion was not feasible.

                                            */s/ Christopher A. Bailey*
                                            Christopher A. Bailey

5591.0199

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that, on March 10, 2026, a true and correct copy of the foregoing document was served via the Court's Electronic Case Filing (ECF) System on all parties registered to receive electronic notice in this case.

                                                  */s/ Christopher A. Bailey*
                                                  Christopher A. Bailey

5591.0199