

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON
THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 24, 2026**

_____

**United States Bankruptcy Judge**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Stoli Group (USA), LLC, | § | Case No. 24-80146-swe11 |
| | § | |
| Debtor.[1] | § | |
| | § | |

**ORDER PURSUANT TO 11 U.S.C. §§ 363 AND 503 (I) AUTHORIZING THE CHAPTER 11 TRUSTEE TO IMPLEMENT A (A) NON-INSIDER COMPENSATION PLAN, AND (B) KEY EMPLOYEE INCENTIVE PLAN, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**")[2] of the Chapter 11 Trustee (the "**Trustee**") for Stoli Group

(USA), LLC (the "**Stoli Debtor**") for the entry of an order (this "**Order**") pursuant to 11 U.S.C.

§§ 363 and 503(a) (I) authorizing the Chapter 11 Trustee to implement a (a) non-insider employee

compensation plan that includes both a (i) key employee retention plan (the "**KERP**") for fourteen

---

[1] The Debtor along with the last four digits of the Debtor's federal identification number in this Chapter 11 Case is Stoli Group (USA), LLC (5602). The Debtor's address is 135 East 57th Street, 9th Floor, New York City, New York.

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

(14) non-insider key employees and (ii) a key employee incentive plan (the "**Non-Insider KEIP**")
(collectively, the "**Non-Insider Compensation Plan**") for fourteen (14) non-insider, key
employees, and (b) key employee incentive plan (the "**Insider KEIP**") for one key executive
Michael Howard, the CEO (the Non-Insider Compensation Plan and Insider KEIP collectively, the
"**Compensation Plans**"), and (II) granting related relief, all as more fully set forth in the Motion;
and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court
having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having
found that it may enter a final order consistent with Article III of the United States Constitution;
and this Court having found that venue of this proceeding and the Motion in this district is proper
pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in
the Motion is in the best interests of the Stoli Debtor's estate, their creditors, and other parties in
interest; and this Court having found that the Trustee's notice of the Motion and opportunity for a
hearing on the Motion were appropriate under the circumstances and no other notice need be
provided; and this Court having reviewed the Motion and determined that the legal and factual bases
set forth in the Motion established just cause for the relief granted herein, including the specific
finding that the KERP, the Non-Insider KEIP, and the Insider KEIP are justified by the facts and
circumstances of this chapter 11 case and not otherwise prohibited by any provision of the
Bankruptcy Code or applicable law; and upon all of the proceedings had before this Court; and after
due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Trustee is authorized pursuant to sections 363 and 503(c)(3) of the Bankruptcy
Code to implement the KERP as described in the Motion.

2. The Trustee is authorized, but not directed, to take all actions necessary to implement the KERP on the terms and conditions set forth in the Motion, in including making any payments pursuant to the terms of the KERP, in an aggregate amount not exceeding $167,000.00.

3. The Trustee is authorized pursuant to sections 363 and 503(c)(3) of the Bankruptcy Code to implement the Non-Insider KEIP as described in the Motion.

4. The Trustee is authorized, but not directed, to take all actions necessary to implement the Non-Insider KEIP on the terms and conditions set forth in the Motion, including making any payments pursuant to the terms of the Non-Insider KEIP, in an aggregate amount not exceeding $300,000.00.

5. The Trustee is authorized pursuant to sections 363 and 503(c)(3) of the Bankruptcy Code to implement the Insider KEIP as described in the Motion.

6. The Trustee is authorized, but not directed, to take all actions necessary to implement the Insider KEIP on the terms and conditions set forth in the Motion, including making any payments pursuant to the terms of the Insider KEIP, in an aggregate amount not exceeding $210,000.00.

7. Any KEIP bonus shall be: (i) payable solely from the proceeds realized from the Total Sales and Cash Collections; (ii) payable only after closing or completion of liquidation; (iii) Subject to the estate remaining administratively solvent; and (iv) subject to further order of the Court approving the final calculation of the KEIP payment.

8. No portion of the KEIP shall accrue monthly or vest over time. No payment shall be made upon resignation, termination for cause, conversion of the Case, or dismissal of this Case unless the Total Sales floor amount has been satisfied.

3

9.     All amounts earned and payable under the KERP, the Non-Insider KEIP, and Insider KEIP shall have administrative expense priority under sections 503(b) and 507(a)(2) of the Bankruptcy Code for all purposes in this Chapter 11 Case.

10.     Notwithstanding anything contained in the Motion or this Order, any payment to be made pursuant to this Order, and any relief or authorization granted herein, shall be subject to, and must comply with, the terms and conditions in any order entered by the Court approving postpetition use of cash collateral, including any approved budget in connection therewith (as may be updated and approved from time to time in accordance with the terms of any such order).

11.     The requirements set forth in Bankruptcy Rule 6003 are satisfied because the relief in the Motion is necessary to avoid immediate and irreparable harm.

12.     Notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

13.     Notwithstanding the provisions of Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry.

14.     The Trustee is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

15.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

#### End of Order ####

Proposed Order Submitted By:

**THOMPSON COBURN LLP**

By: */s/ Liz Boydston*
Katharine Battaia Clark (SBN 24046712)
Liz Boydston (SBN 24053684)
Alexandra E. Rossetti (SBN 24125390)
Thompson Coburn LLP
2100 Ross Ave., Suite 3200
Dallas, Texas 75201
Tel.: (972) 629-7100
Fax: (972) 629-7171
kclark@ThompsonCoburn.com
lboydston@ThompsonCoburn.com
arossetti@thompsoncoburn.com

- and -

Max Schlan (*pro hac vice* pending)
488 Madison Ave, 14th Floor
New York, New York 10022
Tel.: (212) 478-7200
Fax: (212) 478-7400
mschlan@thompsoncoburn.com

*Proposed Counsel for Bill Patterson, Chapter 11 Trustee of Stoli Group (USA), LLC*